Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/03/2019 09:10 AM CDT

State of Nebraska, appellee, v.
Angok B. Wal, appellant.
___ N.W.2d ___

Filed February 22, 2019.    No. S-18-446.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
2. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
3. **Statutes: Legislature: Intent.** Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.
4. **Sentences: Probation and Parole.** Under the plain language of Neb. Rev. Stat. § 29-2268(2) (Reissue 2016), a trial court has only one option upon revoking a term of post-release supervision for noncompliance: imposing a term of incarceration up to the remaining period of post-release supervision.
5. ____: ____. When a court has revoked post-release supervision, the maximum term of imprisonment that can be imposed is governed exclusively by Neb. Rev. Stat. § 29-2268(2) (Reissue 2016) and does not depend on the maximum sentence of initial imprisonment authorized under Neb. Rev. Stat. § 28-105 (Reissue 2016).
6. **Sentences: Probation and Parole: Appeal and Error.** Upon revocation of post-release supervision, a sentencing court has discretion under Neb. Rev. Stat. § 29-2268(2) (Reissue 2016) to impose any term of imprisonment up to the remaining period of post-release supervision, and an appellate court will not disturb the court's decision absent an abuse of discretion.

Appeal from the District Court for Sarpy County: Stefanie A. Martinez, Judge. Affirmed.

Jeffrey S. Leuschen and Liam K. Meehan, of Schirber & Wagner, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

Angok B. Wal pled guilty to a Class IV felony and was sentenced to 20 months' imprisonment followed by 12 months' post-release supervision. Shortly after the period of post-release supervision began, the State moved to revoke, alleging Wal had violated several conditions. Wal admitted the violations, after which the district court revoked the post-release supervision and imposed a term of 8 months' imprisonment in the county jail.

Wal appeals. He argues that because he has completed a 20-month prison sentence, the district court's imposition of an 8-month jail term upon revoking post-release supervision resulted in imprisonment for a total of 28 months for a Class IV felony, and therefore exceeded the maximum sentence of 24 months' imprisonment authorized by law.[1] Wal's position fundamentally misconstrues the applicable statutory scheme, and we reject it as meritless. Finding no abuse of discretion in the imposition of an 8-month jail term, we affirm.

## BACKGROUND

In June 2016, Wal was charged with one count of criminal mischief, one count of obstructing a peace officer, and one

---

[1] See Neb. Rev. Stat. § 28-105 (Reissue 2016).

count of obstructing government operations. In November, he entered a guilty plea to an amended information charging only criminal mischief (a Class IV felony) and obstruction of government operations (a Class I misdemeanor). The maximum sentence for a Class IV felony is 24 months' imprisonment and 12 months' post-release supervision.[2] The maximum sentence for a Class I misdemeanor is 12 months' imprisonment and a fine of $1,000.[3]

Wal was sentenced to 20 months' imprisonment and 12 months' post-release supervision on the felony conviction and to a concurrent term of 12 months' imprisonment on the misdemeanor. The order of post-release supervision included conditions requiring Wal to report regularly as directed by his probation officer, provide proof of employment, abstain from the use of alcohol, obtain a chemical dependency or mental health examination, submit to regular drug and alcohol testing, and perform 60 hours of community service.

On July 3, 2017, Wal was released from prison and began his period of post-release supervision. Almost immediately, he failed to comply with the conditions of that supervision. On October 5, the State filed a motion seeking to revoke his post-release supervision. When Wal failed to appear in court on the motion, a warrant was issued for his arrest.

On April 2, 2018, Wal was arrested on the warrant. Thereafter, he was arraigned on the motion to revoke and admitted violating the conditions of his post-release supervision. The State's factual basis indicated that after being released from prison, Wal failed to report for mandatory probation appointments, failed to recharge the global positioning system monitor on his ankle, did not attend required appointments or drug and alcohol testing, did not obtain a chemical dependency evaluation, did not attend drug treatment, did not

---

[2] *Id.*

[3] Neb. Rev. Stat. § 28-106 (Reissue 2016).

complete any community service hours, and did not pay his probation enrollment fees.

The court found that Wal's period of post-release supervision began on July 3, 2017, and the parties eventually stipulated that Wal absconded from that supervision after just 14 days. The court accepted Wal's admission, found he had violated the conditions of his post-release supervision, and set the matter for further disposition.

At the dispositional hearing on April 25, 2018, the court revoked Wal's post-release supervision and imposed a term of 8 months' imprisonment in the county jail. Wal filed this timely appeal, and we moved the case to our docket on our own motion.

## ASSIGNMENT OF ERROR

Wal assigns, restated, that after revoking his post-release supervision, it was error for the trial court to impose 8 months' imprisonment because doing so resulted in a total term of imprisonment that exceeded the statutory maximum for Class IV felonies.

## STANDARD OF REVIEW

[1] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[4]

## ANALYSIS

Wal does not challenge either the finding that he violated his post-release supervision or the court's decision to revoke his post-release supervision and impose a term of imprisonment. He challenges only the length of that imprisonment, arguing that when it is added to the prison sentence he already served, he will serve a total of 28 months' imprisonment for a Class IV felony, when the maximum term of imprisonment authorized by § 28-105 is 24 months.

---

[4] *State v. Ralios*, 301 Neb. 1027, 921 N.W.2d 362 (2019).

[2,3] In considering Wal's arguments, we are guided by familiar rules of statutory construction. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[5] Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.[6]

Post-release supervision remains a relatively new concept in Nebraska sentencing law.[7] As defined by the Legislature:

Post-release supervision means the portion of a split sentence following a period of incarceration under which a person found guilty of a crime upon verdict or plea is released by a court subject to conditions imposed by the court and subject to supervision by the [Office of Probation Administration].[8]

Revocation of post-release supervision is governed by Neb. Rev. Stat. § 29-2268(2) (Reissue 2016), which provides:

If the court finds that a probationer serving a term of post-release supervision did violate a condition of his or her post-release supervision, it may revoke the post-release supervision and impose on the offender a term of imprisonment up to the remaining period of post-release supervision. The term shall be served in an institution under the jurisdiction of the Department of Correctional Services or in county jail subject to subsection (2) of section 28-105.

[4] Under the plain language of § 29-2268(2), a trial court has only one option upon revoking a term of post-release

---

[5] *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018).

[6] *Id.*

[7] *State v. Kennedy*, 299 Neb. 362, 908 N.W.2d 69 (2018).

[8] Neb. Rev. Stat. § 29-2246(13) (Reissue 2016); *Kennedy, supra* note 7.

supervision for noncompliance: imposing a term of incarceration up to the remaining period of post-release supervision.[9] Without this option, a defendant would be able to frustrate the goals of post-release supervision—and avoid serving the second portion of his or her split sentence—simply by refusing to comply with the terms of supervision.

Here, Wal completed the first portion of his split sentence by serving 20 months' imprisonment. But he failed to comply with the second portion of his split sentence, his post-release supervision, and the court revoked it. Wal contends that when a court revokes post-release supervision and imposes a term of imprisonment, it is constrained not only by the time remaining on post-release supervision, but, also, by the maximum term of imprisonment authorized by § 28-105 for the first portion of the split sentence. We reject this contention as inconsistent with the statutory scheme and the plain language of § 29-2268(2).

[5] We hold that when a court has revoked post-release supervision, the maximum term of imprisonment that can be imposed is governed exclusively by § 29-2268(2) and does not depend on the maximum sentence of initial imprisonment authorized under § 28-105. Upon revoking Wal's post-release supervision, the district court was statutorily authorized to impose a term of imprisonment up to the remaining period of his post-release supervision, without regard to the amount of imprisonment ordered on the first portion of his split sentence.

[6] Because a sentencing court has discretion under § 29-2268(2) to impose, upon revocation, any term of imprisonment up to the remaining period of post-release supervision, an appellate court will not disturb that decision absent an abuse of discretion. At the dispositional hearing in this case, the parties did not dispute the period of time remaining on Wal's post-release supervision. Wal had been sentenced

---

[9] See *Kennedy, supra* note 7.

to 12 months' post-release supervision, and the parties stipulated he had served only 14 days of that supervision before absconding. Thus, on the day revocation was ordered, Wal had considerably more than 8 months remaining on his term of post-release supervision. The district court's order imposing a term of 8 months' imprisonment was within the maximum term authorized by § 29-2268(2) and was not an abuse of discretion. The order of the district court is affirmed.

Affirmed.