Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/28/2019 09:07 AM CDT

State of Nebraska, appellee, v.
Gary L. Mann, appellant.
___ N.W.2d ___

Filed April 5, 2019.    No. S-18-333.

1. **Jury Instructions: Appeal and Error.** When a party assigns as error the failure to give an unrequested jury instruction, an appellate court will review only for plain error.
2. **Appeal and Error.** Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.
3. **Jury Instructions: Appeal and Error.** Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.
4. **Statutes.** Statutory interpretation is a question of law.
5. **Criminal Law: Trial: Jury Instructions: Proof.** In a criminal trial, the court in its instructions must delineate for the jury each material element the State is required to prove beyond a reasonable doubt to convict the defendant of the crime charged.
6. **Trial: Judges: Jury Instructions: Appeal and Error.** It is the duty of a trial judge to instruct the jury on the pertinent law of the case, whether requested to do so or not, and an instruction or instructions which by the omission of certain elements have the effect of withdrawing from the jury an essential issue or element in the case are prejudicially erroneous.
7. **Jury Instructions.** Jury instructions are not prejudicial if they, when taken as a whole, correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence.
8. **Criminal Law: Statutes: Legislature.** In Nebraska, all crimes are statutory, and no act is criminal unless the Legislature has in express terms declared it to be so.

9. **Criminal Law: Statutes.** Penal statutes are considered in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served.

10. ____: ____. Effect must be given, if possible, to all parts of a penal statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided.

11. **Criminal Law: Due Process: Proof.** Due process requires a prosecutor to prove beyond a reasonable doubt every fact necessary to constitute the crime charged.

12. **Constitutional Law: Due Process.** The due process requirements of Nebraska's Constitution are similar to those of the federal Constitution.

13. **Jury Instructions: Appeal and Error.** A jury instruction that omits an element of a criminal offense from the jury's determination is subject to harmless error review.

14. **Criminal Law: Statutes.** Courts strictly construe criminal statutes.

15. **Constitutional Law: Criminal Law: Due Process: Presumptions: Proof.** Under the Due Process Clause of the 14th Amendment to the U.S. Constitution and under the Nebraska Constitution, in a criminal prosecution, the State must prove every element of an offense beyond a reasonable doubt and may not shift the burden of proof to the defendant by presuming that element upon proof of the other elements of the offense.

16. **Criminal Law: Weapons: Intent.** Under Neb. Rev. Stat. § 28-1212.03 (Reissue 2016), the absence of an intent to restore a firearm to the owner is a material element of the crime of possession of a stolen firearm.

17. **Verdicts: Juries: Appeal and Error.** Harmless error review ultimately looks to the basis on which the trier of fact actually rested its verdict; the inquiry is not whether in a trial that occurred without the error a guilty verdict would surely have been rendered, but, rather, whether the actual guilty verdict rendered in the questioned trial was surely unattributable to the error.

18. **Appeal and Error.** An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings.

19. **Jury Instructions: Proof: Appeal and Error.** In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.

20. ____: ____: ____. To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the

appellant was prejudiced by the court's refusal to give the tendered instruction.

21. **Jury Instructions: Appeal and Error.** It is not error for a trial court to refuse to give a party's requested instruction where the substance of the requested instruction was covered in the instructions given.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Reversed and remanded for a new trial.

Joseph D. Nigro, Lancaster County Public Defender, Timothy M. Eppler, and Melissa Figueroa, Senior Certified Law Student, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## I. INTRODUCTION

Gary L. Mann appeals from a conviction and sentence, pursuant to jury verdict, for possession of a stolen firearm in violation of Neb. Rev. Stat. § 28-1212.03 (Reissue 2016). The primary issue is whether the "intent to restore" clause of § 28-1212.03 is an essential element of the crime, such that the failure to so instruct was plain error. We conclude that it was and that the error was not harmless. We reverse, and remand for a new trial.

## II. BACKGROUND

On February 26, 2017, Mann was living with his half brother, James Barnes. On that day, Barnes had asked Mann to move out of the house. In Barnes' bedroom, Barnes kept a .40 caliber pistol stored in a cloth gun case.

A few hours later, Barnes received the following text message from Mann, "I am not at the house sorry I took your pistol with me you probably won't get it back for a while I love you so much brother pray for my sins to be forgiven so I don't

burn in hell." Concerned that Mann might hurt himself, Barnes notified the Cass County sheriff's office. That office, in turn, requested assistance from the Lincoln Police Department in locating Mann. Two Lincoln police officers responded, and one of them located Mann. After investigating and detaining Mann for several hours, one of the officers obtained a search warrant for Mann's car. Upon searching the car, the officer found the firearm and another officer arrested Mann.

The State filed an information charging Mann with possession of a stolen firearm. Mann pled not guilty.

At trial, Mann testified that when he took the firearm, he believed he had permission. He stated that "[a]bout a week prior" to the incident, Barnes had given him permission to use the firearm. Mann testified that he had intended to commit suicide and have the State return the firearm to Barnes. When asked about the firearm by one of the police officers, Mann denied having possession of the firearm, because he "had a bottle of Xanax in the center console directly next to the [firearm] and did not want to get in trouble for it." During cross-examination, Mann admitted that when the police officer questioned him, it would have been the "perfect" opportunity to return the firearm. On redirect examination, he explained that he did not do so because "then [he] would have a narcotics charge."

At the formal jury instruction conference, Mann made several objections to the instructions. Mann first objected to instruction No. 3 (which included the "elements" instruction) and argued that the jury should be instructed on an affirmative defense. He proposed instructing the jury, "'If you find that [Mann] possessed, received, or disposed of a firearm with the intent to restore to the owner,' . . . that would be a defense." The court overruled Mann's objection and his request for the affirmative defense instruction. Later, Mann objected to the court's definition of "stolen" in instruction No. 4 and argued that the definition should mimic Neb. Rev. Stat. § 28-511(1) (Reissue 2016). Thus, he argued that instruction No. 4 should state that "'stolen' means 'to take or exercise control over

movable property of another with the intent to deprive him or her thereof.'" The court overruled both his objection and his requested change.

As given by the district court, the elements portion of instruction No. 3 stated:

> Regarding the crime of Possession of a Stolen Firearm, the elements of the State's case are:
>
> 1. That [Mann] did possess, receive, retain, or dispose of a stolen firearm, knowing that it had been stolen or believing it had been stolen; and
>
> 2. That [Mann] did so on or about February 26, 2017, in Lancaster County, Nebraska.

In the pertinent part of instruction No. 4, the jury was instructed, "'Stolen' means to have been taken without permission or authority, to deprive the owner thereof."

The jury found Mann guilty. The court sentenced Mann to 2 to 6 years' imprisonment.

Mann filed a timely appeal, which we moved to our docket.[1] After oral argument, we requested supplemental briefing by the parties to address

> whether, in light of the State's submission in [original] briefing that the phrase in . . . § 28-1212.03 . . . stating 'unless the firearm is possessed, received, retained, or disposed of with intent to restore it to the owner' is a material element of the offense and [Mann's] adoption at oral argument of that submission, the failure to instruct the jury of this material element in Instruction No. 3 constituted plain error, and the reasoning flowing from that answer to a proper disposition of this appeal.

The parties filed supplemental briefs, which we have considered.

## III. ASSIGNMENTS OF ERROR

Mann assigns, restated and reordered, that (1) the jury instructions were prejudicial, (2) he received ineffective assistance of trial counsel, (3) the district court erred in admitting

---

[1] Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

or precluding evidence that resulted in prejudice, and (4) the district court abused its discretion by imposing an excessive sentence.

## IV. STANDARD OF REVIEW

[1,2] When a party assigns as error the failure to give an unrequested jury instruction, an appellate court will review only for plain error.[2] Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[3]

[3,4] Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.[4] Statutory interpretation is also a question of law.[5]

## V. ANALYSIS

We begin by reciting the text of § 28-1212.03, because it is central to our decision. It states:

> Any person who possesses, receives, retains, or disposes of a stolen firearm knowing that it has been or believing that it has been stolen shall be guilty of a Class IIA felony *unless the firearm is possessed, received, retained, or disposed of with intent to restore it to the owner*.[6]

We will refer to the emphasized wording as the "intent to restore clause."

We have not previously identified the essential elements of this statute. Consequently, in crafting the instructions here, the district court did not have the benefit of our guidance.

---

[2] *State v. Hinrichsen*, 292 Neb. 611, 877 N.W.2d 211 (2016).

[3] *State v. Thompson*, 301 Neb. 472, 919 N.W.2d 122 (2018).

[4] *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018).

[5] See *State v. Wal, ante* p. 308, 923 N.W.2d 367 (2019).

[6] § 28-1212.03 (emphasis supplied).

In asserting that the jury instructions were prejudicially erroneous, Mann presents three arguments. First, the instructions omitted an essential element of § 28-1212.03 by failing to instruct on the intent to restore clause. Second, the court refused his requested instruction on the statutory definition of "deprive." Third, Mann contends that the court erroneously overruled his objection for the instruction of the statutory definition of "stolen."

### 1. ELEMENTS OF § 28-1212.03

#### (a) General Principles

[5-7] We recall several familiar principles governing the duty to instruct a jury in a criminal case. In a criminal trial, the court in its instructions must delineate for the jury each material element the State is required to prove beyond a reasonable doubt to convict the defendant of the crime charged.[7] It is the duty of a trial judge to instruct the jury on the pertinent law of the case, whether requested to do so or not, and an instruction or instructions which by the omission of certain elements have the effect of withdrawing from the jury an essential issue or element in the case are prejudicially erroneous.[8] Jury instructions are not prejudicial if they, when taken as a whole, correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence.[9]

[8-10] To determine the elements of a crime, we look to the text of the statute. In Nebraska, all crimes are statutory, and no act is criminal unless the Legislature has in express terms declared it to be so.[10] Penal statutes are considered in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought

---

[7] *State v. Tucker*, 257 Neb. 496, 598 N.W.2d 742 (1999).

[8] *State v. Rask*, 294 Neb. 612, 883 N.W.2d 688 (2016).

[9] *State v. Edwards*, 286 Neb. 404, 837 N.W.2d 81 (2013).

[10] *State v. Gozzola*, 273 Neb. 309, 729 N.W.2d 87 (2007).

to be served.[11] Effect must be given, if possible, to all parts of a penal statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided.[12]

[11,12] The omission of an essential element from the jury raises due process concerns. Due process requires a prosecutor to prove beyond a reasonable doubt every fact necessary to constitute the crime charged.[13] The due process requirements of Nebraska's Constitution are similar to those of the federal Constitution.[14] The U.S. Supreme Court has held that the "Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged."[15]

[13] Yet, a jury instruction that omits an element of the offense from the jury's determination is subject to harmless error review.[16] With these principles in mind, we turn to the parties' arguments.

### (b) Arguments of Parties

In the district court, both parties took the position that the intent to restore clause was an affirmative defense. Thus, in Mann's initial brief on appeal, he argued that the trial court should have instructed the jury regarding his affirmative defense.

In its responsive brief, the State "submit[ted] that [the intent to restore clause] appears to be an element of the offense rather than an affirmative defense."[17] Noting the similarity of

---

[11] *Nebraska Account. & Disclosure Comm. v. Skinner*, 288 Neb. 804, 853 N.W.2d 1 (2014).

[12] *Id.*

[13] *Hinrichsen, supra* note 2.

[14] *Id*.

[15] *Patterson v. New York*, 432 U.S. 197, 210, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977).

[16] *State v. Merchant*, 288 Neb. 440, 848 N.W.2d 630 (2014).

[17] Brief for appellee at 16.

§ 28-1212.03 to Neb. Rev. Stat. § 28-517 (Reissue 2016) and our decision in *State v. Hubbard*[18] determining that similar language was an element of the offense and not an affirmative defense, the State argued that it could "conceive of no reason to construe the [intent to restore clause] in § 28-1212.03 differently than the language in § 28-517."[19] This was particularly so, the State argued, because other statutes in the same chapter expressly provided for affirmative defenses. The State argued that instructions Nos. 3 and 4, when read together, properly instructed the jury on the elements of the offense.

At oral argument, the State maintained its position that the intent to restore clause was a material element of the offense. And during the argument, Mann adopted the State's view. After argument, as noted above, we requested supplemental briefing.

Mann's supplemental brief adhered to the State's original position: The intent to restore clause was a material element of the offense. He argued the district court committed plain error when it failed to instruct on that element. Mann noted that although trial counsel incorrectly characterized the element as an affirmative defense, he clearly objected to the failure to include missing language in the jury instructions. Mann contended that by failing to include the element, the court shifted the burden of proof of a material element to him and made it impossible for him to meet that burden. Additionally, he reminded us that it was undisputed at oral argument that intent to restore is an element.

The State's supplemental brief "adhere[d] to its initial position."[20] However, it offered an "alternative interpretation"[21] suggesting that the placement of the intent to restore clause after the penalty language could mean that it was "fairly

---

[18] *State v. Hubbard*, 267 Neb. 316, 673 N.W.2d 567 (2004).

[19] Brief for appellee at 17.

[20] Supplemental brief for appellee at 1.

[21] *Id.*

characterized as an affirmative defense."[22] But the State then argued that assuming that intent to restore was an essential element, the failure to include it in instruction No. 3 was not plain error. The State reasoned that the instructions, read as a whole, adequately covered the element. And even if they did not, the State next argued, the omission was harmless beyond a reasonable doubt, because the evidence would not support a finding that Mann intended to restore the firearm to Barnes. This followed, according to the State, because Mann intended to use the firearm to commit suicide and merely assumed that the State would return it to Barnes. The State reasoned that here, an intent to restore required the intent to "control the [firearm's] disposition."[23]

### (c) Material Element

As stated above, in Nebraska all crimes are statutory, and we look to the text to define the elements. As the U.S. Supreme Court said in another context, "All that counts . . . are 'the elements of the statute of conviction.'"[24]

[14] Courts strictly construe criminal statutes.[25] We concluded in *State v. Hubbard* that the identical intent to restore clause in § 28-517 was an element of the offense.[26] We reasoned that because the statute was identical to the Model Penal Code[27] and because the commentaries therein intended the clause to be an element, it was an element.

In the State's supplemental brief, it argued that intent to restore could be characterized as an affirmative defense. The

---

[22] *Id*. at 2.

[23] *Id*. at 3.

[24] *Mathis v. U.S.*, ___ U.S. ___, 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016).

[25] *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017).

[26] See *Hubbard, supra* note 18.

[27] A.L.I., Model Penal Code and Commentaries § 223.6, comment 4(a) (1980).

State cited a proposition from *State v. Minor*[28]: "'In a criminal prosecution, if a negative is an essential element of the crime, and is "peculiarly within the knowledge of the defendant," it devolves upon him to produce the evidence, and upon his failure to do so, the jury may properly infer that such evidence cannot be produced.'"

But two problems are obvious. First, the proposition itself characterizes the "'negative'" as an "'essential element.'"[29] If, as *Minor* says, the negative is an essential element, it cannot simultaneously be an affirmative defense. It is either one or the other. Here, the intent to restore clause is the "negative"; under *Minor*, it must be an essential element. Second, the State's argument ignores a robust constitutional imperative.

[15] Under the Due Process Clause of the 14th Amendment to the U.S. Constitution and under the Nebraska Constitution, in a criminal prosecution, the State must prove every element of an offense beyond a reasonable doubt and may not shift the burden of proof to the defendant by presuming that element upon proof of the other elements of the offense.[30] In *In re Winship*,[31] the U.S. Supreme Court pronounced that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Later, in *Mullaney v. Wilbur*,[32] the Court concluded that under Maine's homicide law, the burden of proving that a killing occurred in the heat of passion in sudden provocation could not constitutionally be placed on the defendant. The Court reasoned that proving lack of heat of passion was similar to proving any other intent. "And although intent is typically considered a fact

---

[28] *State v. Minor*, 188 Neb. 23, 26, 195 N.W.2d 155, 156-57 (1972).

[29] *Id*. at 26, 195 N.W.2d at 156.

[30] *State v. Lester*, 295 Neb. 878, 898 N.W.2d 299 (2017).

[31] *In re Winship*, 397 U.S 358, 364, 90 S. Ct. 1068, 25 L. Ed 2d 368 (1970).

[32] *Mullaney v. Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975).

peculiarly within the knowledge of the defendant, this does not, as the Court has long recognized, justify shifting the burden to him."[33] This conclusion, we think, rules out the State's argument premised on the quotation from *Minor*.

[16] We are not persuaded by the State's interpretation. According to the State, if a defendant possesses, receives, maintains, or disposes of a firearm, knowing or believing it has been stolen, then it is presumed the defendant did not have an intent to restore. But this is contrary to the plain language. We hold, as the State anticipated, that under § 28-1212.03, the absence of an intent to restore a firearm to the owner is a material element of the crime of possession of a stolen firearm.

### (d) Adequately Covered

En route to its harmless error argument, the State submits that read together, instructions Nos. 3 and 4 properly instructed the jury regarding the elements of the offense. We disagree. We have quoted them above. We simply cannot discern the intent to restore element from the instructions given, and we do not read *Hubbard*[34] to dictate otherwise.

The State relies on our statement in *Hubbard* that "[t]he use of the term 'deprive' encompassed a lack of intent to restore the property to the owners."[35] Because the definition of stolen in instruction No. 4 included the word "deprive," the State argues, the instructions were sufficient to convey the lack of intent to restore.

But in *Hubbard*, we addressed a claim that the *information* was deficient. There, we applied the rule that an information or complaint is sufficient unless it is so defective that by no construction can it be said to charge the offense of which the accused was convicted. Only in that context did

---

[33] *Id.*, 421 U.S. at 702.

[34] *Hubbard, supra* note 18.

[35] *Id.* at 323, 673 N.W.2d at 575.

we characterize the term "deprive" as encompassing a lack of intent to restore the property to the owners. Here, we review jury instructions. The use of the word "deprive" in the definition of "stolen" did not instruct the jury that the absence of an intent to restore the property was a material element of the crime.

### (e) Harmless Error

Because the intent to restore clause was an element of the crime, the court should have instructed the jury on the element.[36] It did not. The jury instructions omitted an essential element.

[17] Nonetheless, we must determine whether the omission was harmless error. Harmless error review ultimately looks to the basis on which the trier of fact actually rested its verdict; the inquiry is not whether in a trial that occurred without the error a guilty verdict would surely have been rendered, but, rather, whether the actual guilty verdict rendered in the questioned trial was surely unattributable to the error.[37]

We cannot characterize this instructional error as harmless. That is, we cannot say beyond a reasonable doubt that the jury would still have found Mann guilty had it been required to find whether he possessed the firearm with the intent to restore it to the owner. As we concluded in *State v. White*,[38] "where the jury has not been instructed as to a material element of a crime, there is no verdict within the meaning of Neb. Const. art. I, § 11." Consequently, there must be an actual jury finding of guilt and not appellate speculation of hypothetical jury actions. Mann presented evidence tending to show that, in the language of § 28-1212.03, he possessed the firearm "with intent to restore it" to Barnes, and we cannot

---

[36] See *Tucker, supra* note 7.

[37] *State v. Smith, ante* p. 154, 922 N.W.2d 444 (2019).

[38] *State v. White*, 249 Neb. 381, 389, 543 N.W.2d 725, 731 (1996), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998)).

conclude beyond a reasonable doubt that the jury would have disregarded this evidence if they had been instructed on all the material elements. We cannot conclude beyond a reasonable doubt that the jury would have found he lacked the intent to restore.

And here, even though Mann did not object on the precise ground, the error prejudicially affected his substantial right and leaving it uncorrected would result in damage to the integrity, reputation, and fairness of the judicial process. Because the omission of the intent to restore clause was plainly erroneous and cannot be characterized as harmless, we must reverse the judgment and remand the cause for a new trial.

Thus, typically, the elements of possession of a stolen firearm would consist of the following: (1) that the defendant did possess, receive, retain, or dispose of a stolen firearm; (2) that he did so knowing or believing the firearm was stolen; (3) that he did so on or about (date) in (county), Nebraska; and (4) that he did not possess, receive, retain, or dispose of the firearm with the intent to restore it to the owner. Of course, depending on the facts, it may be appropriate to alter the wording.

[18] For the most part, we need not address Mann's other assignments of error. But an appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings.[39] We briefly address two matters that, at least to some extent, may be likely to recur.

## 2. Definition of Deprive

Mann contends that the court erred in failing to define "deprive" in the jury instructions. As stated above, the district court included that word in its definition of "stolen." Because the court failed to instruct the jury on the definition of "deprive" under Neb. Rev. Stat. § 28-509(1) (Reissue 2016),

---

[39] *State v. Pangborn*, 286 Neb. 363, 836 N.W.2d 790 (2013).

Mann argues the instructions allowed the jury to embrace a broad definition that unduly prejudiced him. He argues that the term "deprive" alone is not sufficient to encompass the intent to restore element and ignores the substantial prejudice that occurred at trial.

But we have already rejected the State's argument that the use of the word "deprive" in the definition of "stolen" was sufficient to adequately instruct the jury on the missing material element from § 28-1212.03: the absence of an intent to restore the firearm to its owner. We anticipate that upon remand, the district court will instruct the jury regarding that element. In that sense, the question seems unlikely to recur on remand.

Mann complains about a failure to define a word that appears nowhere in the operative statute. He relies upon the definition of "deprive" in § 28-509(1). But § 28-509 defines that term only "[a]s used in sections 28-509 to 28-518." And this is not a prosecution for theft by receiving stolen property under § 28-517 (which would be within that range); rather, it arises under § 28-1212.03 for possession of a stolen firearm. Mann does not direct us to any case law holding that in a prosecution under § 28-1212.03, the trial court must instruct the jury on the definition of "deprive" under § 28-509(1). And because the language of § 28-1212.03 does not employ the word anywhere, the argument seems somewhat odd. Under these circumstances, we find no error.

### 3. DEFINITION OF STOLEN

Mann argues that the court erred in overruling his objection to the definition of "stolen." While on appeal he also complains that the court's instruction should have reflected the language in § 28-509(8), he did not submit a proposed instruction to that effect. At the district court's instruction conference, Mann contended only that the definition of "stolen" should have mimicked the statutory language under § 28-511(1). Specifically, he requested that the jury be instructed that

"'stolen' means 'to take or exercise control over movable property of another with the intent to deprive him or her thereof.'"[40] On appeal, he argues that the district court erred in refusing that instruction.

[19,20] In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.[41] To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction.[42]

We are not persuaded that in the context of § 28-1212.03, Mann's requested instruction was a correct statement of the law or was warranted by the evidence. "When employing a definition, whether alone, with the term defined, or as a separate definition, a judge should provide only that portion of the definition relevant to the facts of the particular case."[43] His instruction proposed the phrase "movable property of another," but in this prosecution under § 28-1212.03, the only property involved was a firearm. Mann's proposed instruction would have introduced language that easily could have confused the jury.

[21] Moreover, we see no prejudice from the definition of "stolen" in instruction No. 4 or the refusal of Mann's requested alternative. As given, instruction No. 4 defined "stolen" to "mean[] to have been taken without permission or authority, to deprive the owner thereof." It is not error for a trial court to refuse to give a party's requested instruction where

---

[40] See § 28-511(1).

[41] *Mueller, supra* note 4.

[42] *Id.*

[43] NJI2d Crim., ch. 4, comment.

the substance of the requested instruction was covered in the instructions given.[44] Mann does not explain how the difference between the instruction given and the one he requested actually prejudiced him. And we can discern no obvious prejudice. In the absence of any showing of prejudice, it appears to us that the instruction of "stolen" given by the court adequately covered the substance of the requested statutory instruction. Therefore, we find no error.

## VI. CONCLUSION

We conclude that the district court plainly erred in failing to instruct the jury on an essential element of the crime and that the error was not harmless and warrants reversal. Therefore, we reverse the judgment of the district court and remand the cause for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

---

[44] *State v. Banks*, 278 Neb. 342, 771 N.W.2d 75 (2009).