IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. GRUTELL


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

LOUIS R. GRUTELL, APPELLANT.


Filed July 30, 2019.    No. A-18-352.


Appeal from the District Court for Stanton County: MARK A. JOHNSON, Judge. Affirmed.

Nathan S. Lab, of McGough Law P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, Nathan A. Liss, and, on briefs, Joe Meyer for appellee.


MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

## I. INTRODUCTION

Louis R. Grutell appeals his conviction in the district court for Stanton County for driving under the influence of alcohol, fourth offense, with a concentration of more than .15 of 1 gram of alcohol per 210 liters of breath. Grutell assigns that the district court erred in holding that the State did not have to prove that Grutell's operation of a motor vehicle while intoxicated occurred on a public roadway or private property open to public access; providing jury instructions that were an incorrect statement of the law; and imposing an excessive sentence. Grutell also assigns, through different appellate counsel, that he received ineffective assistance from his trial counsel. Finding no error, we affirm.

- 1 -

## II. BACKGROUND

On February 17, 2017, Stanton County Sheriff's Deputy Pascal Vantilborgh was patrolling Highway 24 when he saw headlights coming from Crown Road, a gravel road that intersected the highway. Upon further inspection, he noticed the headlights were coming from a vehicle stranded in a ditch beside that gravel road. Vantilborgh approached the vehicle, which was rocking in the ditch. The vehicle's engine was running, and a man, whom he later identified as Grutell, sat in the driver's seat. Vantilborgh observed tire tracks on the gravel road that appeared to back into a driveway and then back on the road leading directly to the vehicle in the ditch. Because the vehicle was stuck, Vantilborgh believed it probably could not be driven out of the ditch. The vehicle was eventually towed out of the ditch.

Concerned the vehicle had been involved in an accident, Vantilborgh approached Grutell. Grutell staggered and swayed as he walked out of the ditch, and he smelled strongly of alcohol. His speech was slurred, and his eyes were glossy and bloodshot. When Vantilborgh asked Grutell what happened, Grutell responded that "it was manageable." Vantilborgh did not know what Grutell meant by this response, and he suspected that Grutell was under the influence of alcohol. Grutell eventually explained that he had come from a bar and was on his way to visit his ex-wife at a different bar, where she worked as a bartender. Vantilborgh asked whether Grutell had consumed any alcoholic beverages, and Grutell replied that he had a few drinks at home and a couple more at the bar. Grutell then stated that he had not been driving, but that he came by to check on the vehicle in the ditch. He did not mention who had driven him there. There were no other vehicles in the area, and the vehicle in the ditch was registered to Grutell.

Vantilborgh administered three field sobriety tests on Grutell: the horizontal eye nystagmus test, the nine-step walk-and-turn, and the one-leg stand. During the nine-step walk, Grutell asked to remove his cowboy boots and socks because he thought they were preventing him from completing the test. Grutell could not complete the tests and showed signs of impairment. Based on Grutell's impairment and his operation of the vehicle while it was stranded in the ditch, Vantilborgh arrested Grutell for driving under the influence. Grutell's vehicle had to be towed out of the ditch. He transported Grutell to a Norfolk police station to test his breath. The breath test showed the concentration of alcohol in Grutell's breath was .176 of 1 gram per 210 liters of breath.

Citing Neb. Rev. Stat. §§ 60-6,196(1)(c) (Reissue 2010), 60-6,197.02(1)(a)(i)(A) (Cum. Supp. 2016), and 60-197.03(8) (Cum. Supp. 2016), the State filed an information charging Grutell with driving under the influence, fourth offense, with a concentration of more than .15 of 1 gram of alcohol per 210 liters of breath, a class IIA felony. The information did not allege that Grutell was operating on a public roadway or private property open to public access.

### 1. TRIAL

Trial was held on January 25, 2018. During her opening statement, Grutell's trial counsel generally outlined the defense theory that Grutell had not operated a motor vehicle on a public road or highway while under the influence before driving into the ditch. Rather, she stated that Grutell first consumed alcohol while stuck in the ditch and that he could not operate the vehicle after consuming alcohol. The prosecutor objected and argued that the State did not have to show Grutell was on a public road or highway according to the charge contained in the information. The

district court initially overruled the objection, but later, after the jury was excused for a recess, the court stated to counsel:

> The Court has had an opportunity to look up a couple of things. I believe the State is correct, I don't believe the State is under any obligation to show this was an operation on the highway. . . .
>
> . . . .
>
> . . . [I]f the defendant argues that this was required to be on a street or highway, then upon objection, the Court will instruct the jury that it is not required.
>
> . . . .
>
> . . . The elements do not include a street or highway.

Vantilborgh testified as summarized above. Frederick Wiebelhaus, a deputy of the Stanton County Sheriff; James Heller, a Norfolk police officer and breath test technician; and Bryan Harms, a passenger in Vantilborgh's police car, also testified for the State. Kristi Choutka-Dykstra, Grutell's ex-wife, and Grutell testified for the defense. The court also received a video recording of the stop that did not contain audio.

Wiebelhaus testified that he arrived at the scene while Vantilborgh performed the field sobriety tests. He took an inventory of the vehicle. He found no alcoholic beverage containers inside the vehicle. He did not check the vehicle's locked compartments, including its trunk.

Heller testified that the breath test device was functioning properly when Grutell was tested. Harms, a member of the county's emergency management system, was riding along with Vantiborgh to observe how law enforcement operates. He observed Grutell's vehicle in the ditch on a gravel road near Highway 24, along which is a rodeo arena and a veterinarian's house. Harms observed Grutell staggering as he attempted to stand up.

Choutka-Dykstra testified that she stopped by Grutell's house to drop off a trailer on the night he was arrested. Grutell did not appear to be drinking at that time. Because she was late for work, she did not stay with Grutell long.

Grutell testified that he purchased a bottle of rum at a liquor store after work on the day he was arrested. He then went home to wait for his ex-wife to deliver her trailer to him. At the time she arrived, he had not had any alcohol. Because he did not have a chance to speak with Choutka-Dykstra about the trailer when she delivered it, he headed to the place of her employment. He did not bring his cellphone because he thought the trip would be quick. He missed the turn that would have taken him to the bar where Choutka-Dykstra worked. When he attempted to turn around, his vehicle became stuck in the ditch. At the time he became stranded in the ditch, he had not had anything to drink.

According to Grutell, it was approximately sundown when he got stuck in the ditch, and Vantilborgh arrived a couple hours later. By this time Grutell had consumed half of the bottle of rum that he bought earlier that day. He discarded the half-filled bottle 15 to 20 feet from his vehicle. When Vantilborgh pulled up, Grutell was sitting in his vehicle with the engine running to keep warm. Grutell denied telling Vantilborgh that he was traveling between bars or that he had consumed alcoholic beverages at home.

## 2. CLOSING ARGUMENTS

After the close of evidence, the parties' delivered their closing arguments. During the State's closing, the prosecutor made the following comments:

Now part of Instruction No. 6 is what are the material elements we have to prove? We do not have to prove that the defendant operated a motor vehicle on a public highway. What does that mean? That means you could be found guilty of this offense if you're under the influence in a Walmart parking lot because it's open to the public. So therefore, you can find the defendant guilty if he's in control of a motor vehicle or operating in a road ditch, or you could find the defendant guilty if he's operating on the road, but it doesn't have to be on the road or a public highway. You don't have to find that.

No objections were made to these comments by Grutell's counsel. During his counsel's closing argument, she focused on whether Grutell was in actual physical control of the vehicle. She stated:

It's true that you can be in the ditch, you can be there with a vehicle, and you can be charged with a DUI and be guilty. But it's also true that you can be in the ditch, you can be under the influence of alcohol, and if you did it at the time when that car is not movable anymore, that is not a DUI.

During rebuttal, the prosecutor responded:

[I]t doesn't matter if [Grutell] sat there in the ditch drinking his [rum], even if that's true, because when the officers pulled up, he's behind the wheel with the engine running, the lights are on, and according to them, the car is rocking back and forth.

## 3. JURY INSTRUCTIONS

The district court gave instructions to the jury. Instruction No. 6 provided, in relevant part, as follows:

The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict Defendant Louis R. Grutell of the crime of Driving Under the Influence -- alcohol concentration of .15 or greater are:

1. On or about February 17, 2017, in Stanton County, Nebraska, the Defendant, Louis R. Grutell, operated or was in actual physical control of a motor vehicle; and

2. That at that time and place the Defendant was under the influence of alcoholic liquor, and was under the influence of alcoholic liquor [sic]; and

3. The Defendant did so with a concentration of fifteen hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath.

There was no instruction requested or given concerning Neb. Rev. Stat. § 60-6,108(1) (Reissue 2010), which provides that the driving under the influence statutes only apply to the operation or actual physical possession of a motor vehicle on public property or private property open to public access. Both parties agreed at trial that the jury instructions were appropriate.

- 4 -

## 4. CONVICTION AND SENTENCE

The jury convicted Grutell of the charge in the State's information. The court sentenced Grutell to imprisonment for an indeterminate term of not less than 18 months nor more than 36 months. The court revoked his driver's license for 15 years and ordered him not to drive for the same period. The court ordered that Grutell would be eligible for an ignition interlock permit 45 days after his release from incarceration.

Grutell appeals.

## III. ASSIGNMENTS OF ERROR

Grutell assigns, restated and reordered, that the district court erred in (1) holding that the State had no obligation to show that Grutell's operation of a motor vehicle while intoxicated occurred on a public roadway or private property open to public access under § 60-6,108, (2) providing jury instructions that were an incorrect statement of the law, and (3) imposing an excessive sentence. Grutell also assigns, through different appellate counsel, that he received ineffective assistance from his trial counsel.

## IV. STANDARD OF REVIEW

Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Thompson*, 301 Neb. 472, 919 N.W.2d 122 (2018).

Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision. *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018).

An appellate court reviews criminal sentences for abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018).

## V. ANALYSIS

### 1. DETERMINATION OF PUBLIC PROPERTY OR PRIVATE PROPERTY OPEN TO PUBLIC ACCESS

Grutell assigns that the district erred by holding the State did not have to prove that Grutell had been operating his vehicle on a public roadway or private property open to public access under

§ 60-6,108(1). Grutell argues, alternatively, that the district court should have either determined as a matter of law whether § 60-6,108(1) had been satisfied or submitted the issue to the jury.

Grutell was charged under § 60-6,196(1), which prohibits driving under the influence of alcohol or drugs as follows:

> It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:
>> (a) While under the influence of alcoholic liquor or of any drug;
>> (b) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or
>> (c) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

Nebraska's driving under the influence statutes apply upon highways and anywhere throughout the state except on private property that is not open to public access. § 60-6,108(1). Grutell acknowledges that his counsel did not further object to the court's ruling or assert in the motion for directed verdict the failure of the State to prove Grutell was operating a motor vehicle on public property or private property open to public access. Nevertheless, Grutell asserts that the district court's failure to address the requirement of § 60-6,108(1) amounted to plain error. He further argues that the ditch where his vehicle was stuck was private property not open to public access.

The Nebraska appellate courts have considered the question of whether various locations are considered public property or private property open to public access in driving under the influence cases.

In *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014), the Nebraska Supreme Court considered whether a concrete drive between the street and sidewalk in front of an apartment complex satisfied the requirement of § 60-6,108(1). On appeal, the defendant challenged the sufficiency of the evidence to prove that he was operating a motor vehicle on a roadway or other area to which the public had access. In affirming the conviction, the Supreme Court noted that whether the vehicle was situated on property open to the public was a question of fact. The Court also stated that a private property is "open to public access" if the public has permission or the ability to enter it. Because the officer had testified at trial that the area where the defendant operated his vehicle was a public right-of-way that was open to both pedestrian and vehicular traffic, the Court concluded that there was sufficient evidence for a rational trier of fact to determine that the location was open to the public.

So too in *State v. Prater*, 268 Neb. 655, 686 N.W.2d 896 (2004), the Supreme Court addressed the question of whether an apartment complex parking lot satisfied the requirement of § 60-6,108(1). The record showed that no gates or fences surrounded the apartment complex lot, although a sign posted near the lot informed the public that it was private and that unauthorized vehicles would be towed. Guests of apartment residents and maintenance persons were permitted to park in the lot. Because vehicles had the ability to enter the apartment complex lot, the Supreme Court found the lot was open to public access.

In *State v. Blackman*, 254 Neb. 941, 580 N.W.2d 546 (1998), the defendant admittedly was driving his motorcycle on a rural county road when he lost control and became "high-centered" in

the ditch. The defendant was found in the ditch by law enforcement approximately 15 to 20 minutes later, showing signs of intoxication. The Supreme Court rejected the defendant's argument that the evidence was insufficient to show that he was operating his motorcycle on a public road or private road open to public access. The Court concluded that there was sufficient evidence to conclude the defendant had driven the motorcycle on the county road while intoxicated. In reaching this conclusion, the court noted that there was no evidence in the record of other people, liquor, or liquor containers in the area where the defendant was located or other evidence to support the inference that the defendant had the means or opportunity to ingest alcohol after he lost control of his motorcycle.

On the other hand, in *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011), the Supreme Court determined, as a matter of law, that a residential driveway was not private property open to public access. The Court discussed the interplay between § 60-6,108 and § 60-6,196 and stated: "When [these sections] are read consistently, they show that the Legislature intended to prohibit intoxicated persons from operating or being in control of a vehicle even on private property if other motorists might access that property and be endangered by their conduct."

Contrary to Grutell's argument, the district court did not commit plain error in failing to address the requirements of § 60-6,108(1). During opening statements, the court ruled that the State was not required to show that Grutell's operation of his vehicle while intoxicated occurred on a "street or highway." The court did not preclude Grutell from challenging whether the ditch where he was found was public property or private property open to public access.

Grutell did not at any point during the trial challenge whether the ditch in which he was found was public property or private property open to public access, and there is no evidence in the record to support Grutell's argument that the ditch was private property not open to public access. Moreover, we note that in the cases discussed above regarding § 60-6,108(1), the issue of whether the defendant was operating on public property or private property open to public access was brought before the court either by a pretrial motion or the introduction of evidence concerning the status of the location. See, *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014); *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011); *State v. Prater*, 268 Neb. 655, 686 N.W.2d 896 (2004); *State v. Blackman*, 254 Neb. 941, 580 N.W.2d 546 (1998).

Grutell's theory at trial was limited to the argument that he only consumed alcohol after his vehicle became stranded in the roadside ditch. Under this theory, Grutell asserted that he could not have operated the vehicle or have been in actual physical control of it because it was immovable. The jury clearly rejected this position. At no time did Grutell challenge the status of the ditch, and thus, the court did not err in failing to address it.

2. JURY INSTRUCTIONS

Grutell assigns that the district court erred in providing jury instructions that were an incorrect statement of the law. The State correctly notes that Grutell asserted this claim for the first time on appeal. The failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error. *State v. Hinrichsen*, 292 Neb. 611, 877 N.W.2d 211 (2016). When a party assigns as error the failure to give an unrequested jury instruction, an appellate court only reviews for plain error. *State v. Mann*, 302 Neb. 804, 925

- 7 -

N.W.2d 324 (2019). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*. As discussed below, we do not find plain error in the jury instructions.

### (a) Jury Instruction No. 6

Grutell argues that the district court committed plain error by providing the jury with instruction No. 6. In relevant part, jury instruction No. 6 read as follows:

The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict Defendant Louis R. Grutell of the crime of Driving Under the Influence -- alcohol concentration of .15 or greater are:

1. On or about February 17, 2017, in Stanton County, Nebraska, the Defendant, Louis R. Grutell, operated or was in actual physical control of a motor vehicle; and

2. That at that time and place the Defendant was under the influence of alcoholic liquor, and was under the influence of alcoholic liquor [sic]; and

3. The Defendant did so with a concentration of fifteen hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath.

Grutell argues that repeating the phrase "was under the influence of alcoholic liquor" in element two coupled with the language in element three confused the jury. Specifically, he argues that it failed to "clearly convey that the operation or actual physical control of the motor vehicle [must] occur simultaneously with [his] being under the influence of alcoholic liquor." Brief for appellant at 15. We disagree.

In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Mann, supra.* Jury instructions are not prejudicial if they, when taken as a whole, correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence. *Id*. In a criminal trial, the court in its instructions must delineate for the jury each material element the State is required to prove beyond a reasonable doubt to convict the defendant of the crime charged. *Id*.

Although jury instruction No. 6 contained a typographical error in the repetition of the phrase "under the influence of alcoholic liquor," the error was harmless at best. See *id.* (actual guilty verdict rendered surely unattributable to error). Instruction No. 6 clearly instructed the jury it had to find that Grutell was operating or in physical control of a motor vehicle on February 1, 2017, in Stanton County, Nebraska, while under the influence of alcoholic liquor. The instruction was not misleading as argued by Grutell. The instruction set forth the elements required under Neb. Rev. Stat. § 60-6,196(1) (Reissue 2010). We find no prejudicial error in instruction No. 6.

### (b) Separate Instruction for Requirements of § 60-6,108(1)

Grutell also argues that the court should have included a separate jury instruction explaining that the State was required to prove that he operated a motor vehicle on a public road or private property open to public access. He argues that the State's closing "suggested that even

- 8 -

if the jury believed [his] testimony, he was guilty of driving under the influence because being in control of the vehicle while it was in the ditch was all that was needed for a guilty verdict." Brief for appellant at 17. Grutell claims that without a separate instruction explaining the requirements of § 60-6,108(1), the instructions omitted a material element of the offense, effectively vitiating the jury's findings and depriving him of a proper verdict.

Grutell did not request an instruction regarding § 60-6,108(1), thus we review this claim for plain error. *State v. Mann, supra*. It is the duty of a trial judge to instruct the jury on the pertinent law of the case, whether requested to do so or not, and an instruction or instructions which by the omission of certain elements have the effect of withdrawing from the jury an essential issue or element in the case are prejudicially erroneous. *Id*.

We note that the requirements of § 60-6,108(1) are not an essential element of driving under the influence under § 60-6,196(1). See *State v. Armagost*, 291 Neb. 117, 120, 864 N.W.2d 417, 421 (2015) ("[i]n giving instructions to the jury, it is proper for the court to describe the offense in the language of the statute"). Moreover, an instruction on § 60-6,108(1) was not warranted because no evidence was adduced at trial regarding the status of the location where Grutell was found to be operating or in control of his vehicle. Further, Grutell did not raise the issue of whether § 60-6,108(1) applied under these circumstances. We therefore find no prejudicial error in the court's failure to include a jury instruction regarding the applicability of § 60-6,108(1).

### 3. EXCESSIVE SENTENCE

Grutell next assigns that the district court erred in imposing an excessive sentence for his conviction.

Driving under the influence, 0.15 or more, fourth offense, is a Class IIA felony. Neb. Rev. Stat. § 60-6,197.03(8) (Supp. 2018). A Class IIA felony is punishable by a maximum of 20 years in prison and has no minimum sentence. Neb. Rev. Stat. § 28-105 (Supp. 2018). Grutell's sentence was well within the statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Tucker*, 301 Neb. 856, 920 N.W.2d 680 (2018). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

After reviewing the record and the presentence investigation report, we cannot say the sentence was an abuse of discretion. Grutell was 58 years old at the time of sentencing. He had a high school education and stable employment. He had three prior convictions for driving under the influence, the most recent of which occurred only 3 years before the events underlying this appeal. He had been sentenced to one term of probation and two terms of county incarceration for

these convictions. Grutell scored in the moderate to high risk range for substance abuse on the Simple Screening Instrument. He scored in the maximum risk range on the stress coping scale as well as in the problem risk range for the truthfulness and alcohol scales on the Nebraska Driver Risk Inventory. Overall, Grutell's risk/need profile on the Level of Service/Case Management Inventory noted a medium high risk level for recidivism. Grutell continued to drink alcohol after this citation and had no plan to address his continued substance abuse.

It is clear that the district court took the appropriate factors into consideration in sentencing Grutell. We find no abuse of discretion in the sentence imposed.

## 4. INEFFECTIVE ASSISTANCE OF COUNSEL

Grutell also assigns that he received ineffective assistance from his trial counsel. Grutell is represented on direct appeal by different counsel than the counsel who represented him at trial. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred. *State v. Howard*, 26 Neb. App. 628, 921 N.W.2d 869 (2018).

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief will recognize whether the claim was brought before the appellate court. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Lamberson*, 26 Neb. App. 642, 921 N.W.2d 879 (2018). Such a claim may be resolved when the record on direct appeal is sufficient to either affirmatively prove or rebut the merits of the claim. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Wells*, 300 Neb. 296, 912 N.W.2d 896 (2018). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018).

Grutell argues that his trial counsel was ineffective for failing to object to the improper jury instructions. As we noted above, there was no prejudicial error in the jury instructions given, and as a result, his counsel was not ineffective for failing to object to them.

Grutell also asserts that his counsel was ineffective for failing to argue during his motion for a directed verdict that the State did not show he operated a motor vehicle on a public roadway or private property open to public access. We disagree. There was sufficient evidence in the record to convict Grutell for driving under the influence on the gravel road while under the influence of alcohol. The tire marks on the gravel road support the conclusion that Grutell had been operating his vehicle on the gravel road before entering the ditch. Vantilborgh testified that Grutell advised him that he had consumed a few alcoholic beverages at home and a couple more at a local bar before he ended up in the ditch. There was no evidence in the record of the presence of liquor or liquor containers in the area where Grutell was located or other evidence to support his claim that he only ingested alcohol after he entered the ditch.

Because Grutell cannot show a reasonable probability that the outcome of his trial would have been different, he has failed to establish that he was prejudiced by his counsel's failure to raise the issue regarding the applicability of § 60-6,108(1). Thus, we reject Grutell's ineffective assistance of counsel claim.

## VI. CONCLUSION

Because Grutell did not raise the issue of whether the ditch where he was found met the requirements of § 60-6,108(1), the district court did not err in failing to address it. The court did not commit plain error in its jury instructions, and Grutell's sentence was not excessive. Grutell's trial counsel was not ineffective because the evidence supports the conclusion that Grutell was operating his vehicle while intoxicated on the road before he entered the ditch.

AFFIRMED.