STATE OF NEBRASKA, APPELLEE, V. ROY HIND ET AL., APPELLANTS.

10 N. W. (2d) 258

FILED JUNE 11, 1943. No. 31586.

*Frederick J. Patz, Hayden C. Covington* and *Roy A. Swayze,* for appellants.

*Max Kier, A. A. Whitworth* and *Jack Devoe, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

Defendant was convicted of unlawfully operating an advertising vehicle within the corporate limits of the city of Lincoln, contrary to an ordinance of the city. A fine of $1 and costs were assessed, and defendant appeals.

The ordinance under which defendant was charged provides: "It shall be unlawful for any person to operate or park any advertising vehicle in or upon any street or alley in the city. Nothing herein contained shall prevent the putting of business notices upon ordinary business vehicles so long as such business vehicle is engaged in the usual business or regular work of the owner and not used merely or primarily for advertisement."

It is evident that this ordinance was intended as a traffic control measure. Its purpose is to prohibit the use of the streets of the city to those engaged primarily in advertising activities. The city clearly has the right by ordinance to prescribe reasonable regulations for the control of traffic on its streets as a matter of public safety. In so doing, we think it can properly prohibit vehicles engaged primarily in advertising schemes from driving up and down its streets and thereby adding to the traffic load and the danger of in-

jury to the public. We think, also, that similar vehicles may be prohibited from using parking areas for similar purposes. Such regulations have a direct relation to the public safety and welfare, and constitute a proper exercise of the police power of the state. It is true that such regulations affect to some extent the rights of citizens guaranteed by the Constitution, but this does not always require a holding of invalidity. This court announced the correct rule in this respect in the following language: "A police regulation, obviously intended as such, and not operating unreasonably beyond the occasions of its enactment, is not invalid simply because it may affect incidentally the exercise of some right guaranteed by the Constitution. In all matters within the police power some compromise between the exigencies of public health and safety and the free exercise of their rights by individuals must be reached." *In re Anderson*, 69 Neb. 686, 96 N. W. 149. See, also, *Jewel Tea Co. v. City of Geneva*, 137 Neb. 768, 291 N. W. 664; *Golden v. Bartholomew*, 140 Neb. 65, 299 N. W. 356.

It will be noted that the ordinance also provides that the use of business notices upon ordinary business vehicles is not prohibited so long as the vehicle is used in the usual business or regular work of the owner. It is evident, therefore, that where the use of the vehicle as an advertising medium was incidental to its ordinary use by its owner, and did not, because of such use as an advertising medium, increase traffic or the hazards of the public in the use of the streets, no prohibition was intended. The ordinance, thus interpreted, is not arbitrary nor unreasonable, and constitutes a valid exercise of the police power by the municipal authority.

The evidence in the instant case shows that defendant was driving his automobile upon the streets of Lincoln in the manner in which he ordinarily made use of it in his usual business and regular work. It is not disputed that notices were displayed on defendant's automobile advertising the time and place of a religious meeting. There is no evidence in the record that defendant was using his automo-

bile primarily for advertising purposes. The evidence is, in fact, to the contrary. Defendant testifies that he was on a private mission connected with his work at the time of his arrest. The evidence indicates that the advertising on his car was incidental to its use, and that the use he was making of it was no different than that of a business car carrying the advertising of its owner, or that of a private car displaying an advertisement of a convention date, the political candidacy of its owner, or the advocacy of a social reform. To sustain a conviction the evidence must show that the defendant committed an act intended to be prohibited by the ordinance. The evidence fails to show that defendant was operating an advertising vehicle on the streets of the city at the time of his arrest, within the meaning of the ordinance. Under such circumstances, the evidence is insufficient to sustain a conviction, and the trial court erred in not sustaining defendant's motion for a directed verdict.

REVERSED AND DISMISSED.