Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/14/2020 08:08 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
LOUIS R. GRUTELL, APPELLANT.

___ N.W.2d ___

Filed May 22, 2020.    No. S-18-352.

1. **Appeal and Error.** An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

2. **Statutes.** Statutory interpretation presents a question of law.

3. **Criminal Law: Statutes.** To determine the elements of a crime, courts look to the text of the enacting statute.

4. **Drunk Driving: Proof.** Under Neb. Rev. Stat. § 60-6,196 (Reissue 2010), a driving under the influence violation is a single offense that can be proved in more than one way.

5. **Drunk Driving: Evidence: Proof.** To prove a violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010), the essential elements the State must prove beyond a reasonable doubt are (1) that the defendant was operating or was in actual physical control of a motor vehicle and (2) that at the time the defendant did so, he or she was either (a) under the influence of alcoholic liquor or of any drug, or (b) had a concentration of .08 of 1 gram or more by weight of alcohol per 100 milliliters of his or her blood, or (c) had a concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of his or her breath.

6. **Drunk Driving: Proof.** When the State has charged an aggravated offense of driving under the influence, alleging as part of the offense that the defendant also had a breath alcohol concentration of .15 or more, that allegation is considered an essential element the State must prove beyond a reasonable doubt.

7. **Drunk Driving.** The plain language of Neb. Rev. Stat. § 60-6,108(1) (Reissue 2010) shows the driving under the influence statutes apply not

just on Nebraska's highways as that term is defined, but everywhere in Nebraska except private property not open to public access. Stated differently, the only place in Nebraska where the driving under the influence statutes do not apply to the operation or control of a motor vehicle is on private property which is not open to public access.

8. **Indictments and Informations: Complaints.** In Nebraska, a criminal complaint or information does not need to affirmatively negate any statutory exceptions which are not descriptive of the offense.

9. **Indictments and Informations: Statutes.** It is well-established that an information is sufficient if it alleges the crime in the language of the enacting statute.

10. **Drunk Driving.** The exception in Neb. Rev. Stat. § 60-6,108(1) (Reissue 2010) for private property not open to public access is not a material element of the offense of driving under the influence. Instead, the exception in § 60-6,108(1) creates an affirmative defense to the crime of driving under the influence.

11. **Criminal Law: Trial: Evidence: Proof.** In the absence of a statute placing the burden of proving an affirmative defense on the defendant in a criminal case, the nature of an affirmative defense is such that the defendant has the initial burden of going forward with evidence of the defense, and once the defendant has produced sufficient evidence to raise the defense, the issue becomes one which the State must disprove.

12. ____: ____: ____: ____. In a criminal case, the evidence necessary to raise an affirmative defense may be adduced either by the defendant's witnesses or in the State's case in chief without the necessity of the defendant's presenting evidence. A defendant need only adduce a slight amount of evidence to satisfy this initial burden of raising an affirmative defense.

Petition for further review from the Court of Appeals, Moore, Chief Judge, and Riedmann and Bishop, Judges, on appeal thereto from the District Court for Stanton County, Mark A. Johnson, Judge. Judgment of Court of Appeals affirmed.

Nathan S. Lab and James K. McGough, of McGough Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, Nathan A. Liss, and, on brief, Joe Meyer, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Stacy, J.

Following a jury trial in district court, Louis R. Grutell was convicted and sentenced for driving under the influence of alcohol (DUI), fourth offense, with a concentration of more than .15 of 1 gram of alcohol per 210 liters of breath.[1] He appealed his conviction, assigning plain error to the district court's failure to address the provisions of Neb. Rev. Stat. § 60-6,108(1) (Reissue 2010). Section 60-6,108(1) provides, in relevant part, that Nebraska's DUI statutes "shall apply upon highways and anywhere throughout the state except private property which is not open to public access." Grutell had not requested any rulings or instructions based on § 60-6,108(1), but on direct appeal, he argued it was plain error for the district court not to address the statute.

In a memorandum opinion, the Nebraska Court of Appeals found no plain error and affirmed.[2] We granted Grutell's petition for further review. For the reasons set out below, we affirm.

BACKGROUND

In May 2017, the State filed an information in the district court for Stanton County charging Grutell with DUI, fourth offense, with a concentration of more than .15 of 1 gram of alcohol per 2l0 liters of breath, a Class IIA felony.[3] The information did not reference § 60-6,108 and did not affirmatively allege that Grutell was operating a motor vehicle on a highway or on private property open to public access. Grutell pled not guilty, and a jury trial was held.

---

[1] See Neb. Rev. Stat. §§ 60-6,196 (Reissue 2010) and 60-6,197.02 and 60-6,197.03(8) (Cum. Supp. 2018).

[2] *State v. Grutell*, No. A-18-352, 2019 WL 3425909 (Neb. App. July 30, 2019) (selected for posting to court website).

[3] See §§ 60-6,196, 60-6,197.02(1)(a)(i)(A), and 60-6,197.03(8).

## TRIAL

### Opening Statements

During opening statements, Grutell's counsel suggested the evidence would show that Grutell did not consume alcohol until after his vehicle got stuck in a roadside ditch. Counsel remarked this would present a "problem" for the State because the State would not be able to show that Grutell "actually operated that motor vehicle on a public road or highway while under the influence." The State objected to these remarks, arguing it did not have to show Grutell was operating a vehicle on a public road or highway. The district court initially overruled the State's objection, but a few hours later it reversed its ruling. Outside the presence of the jury, the court explained that after conducting some research, it concluded the State was not required to prove the offense of DUI occurred on a public street or highway. The court went on to add that "if the defendant argues that this [DUI] was required to be on a street or highway, then upon objection, the Court will instruct the jury that it is not required."

### Deputy's Testimony

The arresting deputy sheriff testified that at approximately 8 p.m. on February 17, 2017, he was patrolling Highway 24 when he observed a vehicle stranded in the ditch alongside a gravel road that intersected the highway. The vehicle's headlights were on, and the vehicle appeared to be rocking back and forth in the ditch. The deputy saw tire tracks on the traveled surface of the gravel road that led directly to the vehicle in the ditch.

The vehicle was registered to Grutell, who was the only occupant. The deputy found Grutell in the driver's seat of the vehicle with the engine running. When Grutell was asked to step out of the vehicle, he staggered and swayed as he walked. Grutell smelled strongly of alcohol, had slurred speech, and had glassy, bloodshot eyes. Grutell told the deputy he had come from a bar and restaurant in Norfolk, Nebraska, and was

on his way to visit his ex-wife at a different bar, where she worked as a bartender. The deputy asked Grutell whether he had consumed any alcohol that day, and Grutell said he "had a few at home" and then had "a couple more" at the bar in Norfolk. Grutell later told the officer that if he was charged with DUI, he would say he had not been driving the vehicle at all and was just "check[ing] on the vehicle in the ditch."

The deputy administered field sobriety tests. Grutell was unable to complete one of the tests and showed signs of impairment on all the others. Grutell was arrested for DUI and was transported to the Norfolk police station where a breath test was conducted. Grutell had a breath alcohol concentration of .176. On appeal, he does not challenge either the breath testing process or the test result.

### Motion for Directed Verdict

At the close of the State's case, Grutell moved for a directed verdict arguing the State had failed to prove he was in "actual physical control" of a motor vehicle while intoxicated. As best we can determine from the record, Grutell's theory was that even if he was intoxicated while sitting behind the wheel of a running vehicle, the vehicle was stuck in the ditch at the time so he could not have exercised actual physical control over anything that would have caused the vehicle to move. The district court overruled the motion, reasoning that there was evidence the vehicle was rocking in the ditch when it was first observed by the deputy and that there was also evidence Grutell had operated the vehicle on the gravel roadway immediately before getting stuck in the ditch.

### Grutell's Testimony and Closing Arguments

Grutell testified in his own defense. He testified that he was driving to visit his ex-wife at the bar where she worked when he missed his turn. While attempting to make a two-point turn on the gravel road, his vehicle fell into the ditch and became stuck. Grutell testified he did not have a cell

phone with him and decided not to walk for help; instead, he remained inside the vehicle and began drinking a bottle of rum he had purchased earlier that afternoon. Grutell denied having consumed alcohol earlier in the day, and he denied having told the deputy any such thing. Grutell testified that by the time the deputy arrived on the scene a few hours later, he had consumed half the bottle of rum. He acknowledged that no bottle of rum was found during the inventory search of his vehicle, but testified that was because he had thrown it out of the vehicle. Grutell agreed that the deputy found him sitting behind the wheel of his vehicle with the engine running and the headlights on, but he said that he kept the headlights on so someone might see him and that he kept the engine running to stay warm while he waited.

At the close of all the evidence, Grutell renewed his motion for directed verdict without further argument. The State resisted the motion, and the district court overruled it.

In his closing argument, Grutell's counsel asked the jury to return a verdict of not guilty if it believed Grutell's testimony that he had not consumed any alcohol until after his vehicle became stuck in the ditch. Similar to the argument presented in support of the motion for directed verdict, defense counsel argued during closing:

> It's true that you can be in the ditch, you can be there with a vehicle, and you can be charged with a DUI and be guilty. But it's also true that you can be in the ditch, you can be under the influence of alcohol, and if you did it at the time when that car is not movable anymore, that is not a DUI.

The State did not object to this argument.

## Jury Verdict, Enhancement, and Sentence

After deliberating for more than an hour, the jury returned a unanimous verdict finding Grutell guilty of DUI with an alcohol concentration greater than .15. A presentence investigation

was ordered, and the matter was set for an enhancement and sentencing hearing.

At that hearing, the court received evidence of Grutell's prior DUI convictions and found him guilty of DUI, fourth offense, with a breath alcohol concentration of more than .15. Grutell was sentenced to a term of imprisonment for a period of 18 to 36 months, and his operator's license was revoked for a period of 15 years. He filed a timely appeal, represented by new counsel.

## COURT OF APPEALS

One of Grutell's assignments of error to the Court of Appeals focused on § 60-6,108(1). That statute provides in relevant part that Nebraska's DUI statutes "shall apply upon highways and anywhere throughout the state except private property which is not open to public access."[4] In describing the practical effect of § 60-6,108(1), we have said it means that "Nebraska's DUI statutes do not apply to operation or control of a vehicle on private property that is not open to public access."[5]

It is undisputed that while Grutell's case was before the district court, he did not reference § 60-6,108(1), did not file a motion or submit a proposed jury instruction premised on § 60-6,108(1), and did not at any point contend the ditch where he was arrested was private property not open to public access. But on appeal, he argued the district court committed plain error in not addressing § 60-6,108(1).

As relevant to the issue on further review, Grutell argued the trial court plainly erred by "fail[ing] to rule on the issue of § 60-6,108 and its application to the case at hand"[6] and by failing to dismiss the case "pursuant to §60-6,108"[7] in response to Grutell's motions for directed verdict. Grutell also

---

[4] § 60-6,108(1).

[5] *State v. Matit*, 288 Neb. 163, 168, 846 N.W.2d 232, 237 (2014).

[6] Brief for appellant at 12.

[7] *Id*.

suggested that the reason his trial counsel did not expressly raise § 60-6,108(1) was because of the court's "admonition"[8] early in the trial that the State did not have to prove the DUI occurred on a public highway. Finally, Grutell argued the evidence at trial was insufficient to sustain his DUI conviction "because there was no evidence that [Grutell's] operation or actual physical control of the vehicle occurred on a public roadway or private property with public access, as required by . . . §60-6,108."[9]

The Court of Appeals considered each of these arguments and, in a memorandum opinion, found none had merit.[10] It reasoned that under § 60-6,108(1), Nebraska's DUI statutes do not apply just on highways, but instead apply everywhere in Nebraska except on private property not open to public access. It rejected Grutell's suggestion that the trial court had precluded him from raising § 60-6,108(1), and instead, it found that because Grutell had not offered evidence or argument that the DUI statutes did not apply to the ditch where he was found, there was no need for the district court to make a finding, or to instruct the jury, on the requirements of § 60-6,108(1). In its analysis, the Court of Appeals also remarked that the requirements of § 60-6,108(1) are "not an essential element of [DUI] under § 60-6,196(1)."[11]

Grutell petitioned this court for further review, arguing primarily that the Court of Appeals' analysis had the effect of improperly shifting the burden of proof on a material element of the crime of DUI from the State to the defendant. We granted further review to address Grutell's argument that the provisions of § 60-6,108(1) are a material element of the crime of DUI.

---

[8] *Id.*

[9] Reply brief for appellant at 2.

[10] *Grutell, supra* note 2.

[11] *Id.* at *7, citing *State v. Armagost*, 291 Neb. 117, 864 N.W.2d 417 (2015) (holding when instructing jury it is proper for court to describe offense in language of statute).

## ASSIGNMENTS OF ERROR

Grutell assigns, restated, that the Court of Appeals erred in its plain error review by (1) rejecting his claim that the district court precluded him from challenging the status of the ditch under § 60-6,108(1), (2) shifting the burden of proof to Grutell to show he was on private property that was not open to public access, and (3) failing to determine as a matter of law whether a ditch adjacent to a gravel road satisfies the requirements of § 60-6,108(1).

## STANDARD OF REVIEW

[1] An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[12]

[2] Statutory interpretation presents a question of law.[13]

## ANALYSIS

[3] All of Grutell's assignments of error turn on the central premise that the provisions of § 60-6,108(1) are an essential element of the crime of DUI which the State must, in every case, prove beyond a reasonable doubt. To determine the elements of a crime, we look to the text of the enacting statute.[14]

### Material Elements of DUI

The crime of DUI is defined in § 60-6,196, one of many statutes in the Nebraska Rules of the Road. That statute provides:

> (1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:
>
> (a) While under the influence of alcoholic liquor or of any drug;

---

[12] *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019).

[13] *State v. Brye*, 304 Neb. 498, 935 N.W.2d 438 (2019).

[14] *State v. Mann*, 302 Neb. 804, 925 N.W.2d 324 (2019).

(b) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or

(c) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.[15]

[4-6] We have explained that under § 60-6,196, a DUI violation is a single offense that can be proved in more than one way.[16] Based on the text of § 60-6,196, the essential elements the State must prove beyond a reasonable doubt are (1) that the defendant was operating or was in actual physical control of a motor vehicle and (2) that at the time the defendant did so, he or she was either (a) under the influence of alcoholic liquor or of any drug, or (b) had a concentration of .08 of 1 gram or more by weight of alcohol per 100 milliliters of his or her blood, or (c) had a concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of his or her breath.[17] And where, as here, the State has charged an aggravated offense,[18] alleging as part of the DUI offense that the defendant also had a breath alcohol concentration of .15 or more, that allegation is also considered an essential element the State must prove beyond a reasonable doubt.[19] But none of the statutes defining the offense of DUI, or establishing the penalties for DUI, contain any geographic limitations or exceptions.

It is another statute contained within the Nebraska Rules of the Road, § 60-6,108(1), that limits the applicability of the DUI statutes by providing in relevant part:

(1) The provisions of the Nebraska Rules of the Road relating to operation of vehicles refer exclusively to

---

[15] § 60-6,196.

[16] *State v. Kuhl*, 276 Neb. 497, 755 N.W.2d 389 (2008).

[17] See *id*.

[18] See § 60-6,197.03.

[19] See *State v. Dinslage*, 280 Neb. 659, 789 N.W.2d 29 (2010).

operation of vehicles upon highways except where a different place is specifically referred to in a given section, *but sections 60-6,196* [*(defining crime of DUI)*], *60-6,197* [*(addressing chemical tests for DUI)*], [and] 60-6,197.04 [(addressing preliminary breath test for DUI)] *shall apply upon highways and anywhere throughout the state except private property which is not open to public access.*

(Emphasis supplied.)

[7] The plain language of § 60-6,108(1) shows the Legislature intends the DUI statutes to apply not just on Nebraska's highways as that term is defined,[20] but everywhere in Nebraska *except* private property not open to public access. Stated differently, the only place in Nebraska where the DUI statutes do not apply to the operation or control of a motor vehicle is on private property which is not open to public access.[21] As such, the provisions of § 60-6,108(1) are best understood as creating a geographical exception to the DUI statutes for private property not open to public access.

## Is Exception in § 60-6,108(1) Material Element of DUI?

The central question presented in this appeal is whether the exception set out in § 60-6,108(1) is a material element of the crime of DUI, such that the State must always disprove the exception in order to prove the crime of DUI. It is significant to our analysis that the exception at issue does not appear in the statute defining the crime, but, rather, in a separate statute.

Sometimes, when enacting a separate statutory exception to a criminal offense, the Legislature has been clear that the State is not required to negate the exception to prove the offense and the burden of proving the exception is on the person claiming

---

[20] See Neb. Rev. Stat. § 60-624 (Reissue 2010).

[21] *Matit, supra* note 5.

its benefit.[22] The exception found in § 60-6,108(1) contains no such language. But that does not mean the State is required, in every DUI case, to negate the exception in § 60-6,108(1).

As a general rule, most jurisdictions hold that when a statutory exception appears in the statute defining the crime, the prosecution is required to plead and prove the defendant does not fall within the exception, but when the exception appears in a separate statute, it is considered a matter of defense.[23] Cases in Nebraska have followed this general rule.[24]

[8] In Nebraska, a criminal complaint or information does not need to affirmatively negate any statutory exceptions which are not descriptive of the offense.[25] Thirty years ago, in *State v. Golgert*,[26] we applied this rule in DUI cases.

[9] In *Golgert*, we considered whether an earlier codification of § 60-6,108(1)[27] required the State to affirmatively allege in the complaint that the crime of DUI occurred on a "highway." At the time, the earlier codification of § 60-6,108(1) provided that the statutes related to the crimes of careless driving

---

[22] See, e.g., Neb. Rev. Stat. § 8-1121 (Reissue 2012) ("[i]n any proceeding under the Securities Act of Nebraska, the burden of proving an exemption or an exception from a definition shall be upon the person claiming it"); Neb. Rev. Stat. § 28-432(1) (Reissue 2016) (State need not negate exemptions or exceptions set out in Uniform Controlled Substances Act; burden of proving exemption or exception shall be upon person claiming its benefit).

[23] See *Annot.*, 153 A.L.R. 1218 (1944) (cases cited therein).

[24] Compare, e.g., *Mann, supra* note 14 (exception appearing in statute defining offense is material element State must prove); *State v. Hind*, 143 Neb. 479, 10 N.W.2d 258 (1943) (State required to plead and prove exception contained within statute defining crime); *Roberts v. State*, 110 Neb. 759, 195 N.W. 114 (1923) (exception not contained in statute defining offense is matter of defense); *Holmes v. State*, 82 Neb. 406, 118 N.W. 99 (1908) (State required to plead and prove exception contained within statute defining crime).

[25] See *Jacox v. State*, 154 Neb. 416, 48 N.W.2d 390 (1951).

[26] *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986).

[27] See Neb. Rev. Stat. § 39-603(1) (Reissue 1984).

and reckless driving applied "upon highways and anywhere throughout the state," but that another series of statutes in the Nebraska Rules of the Road, including the DUI statutes, applied only on "highways" as that term was then defined.[28] *Golgert* noted the well-established rule that an information is sufficient if it alleges the crime in the language of the enacting statute, and it observed that the text of the statute defining DUI did not address highways. Because the DUI enacting statute did not include the limitation that the offense must occur on a highway, we held that being on a highway was "not an element of the crime which must be alleged in the complaint."[29]

We pause to acknowledge that even after *Golgert*, it is a relatively common practice for prosecutors, when charging DUI, to include allegations in the complaint or information that at the time the defendant was operating or in actual physical control of a motor vehicle, he or she was not on private property not open to public access. Similarly, the DUI records we see on appeal show it is a common practice, in DUI trials, for courts to routinely instruct the jury on the requirements of § 60-6,108(1), either through the elements instruction or through definitional instructions. While the better practice may be to routinely instruct the jury on the requirements of § 60-6,108(1), the question here is whether it was plain error for the trial court to not address the exception at all. Like the Court of Appeals, we can find no plain error in that regard.

[10] We agree with the Court of Appeals that the exception in § 60-6,108(1) is not a material element of the offense of DUI which the State must plead and prove in every case.[30]

---

[28] See *id.*

[29] *Golgert, supra* note 26, 223 Neb. at 955, 395 N.W.2d at 523. Accord *State v. Wagner*, 295 Neb. 132, 888 N.W.2d 357 (2016) (information charging refusal of chemical test is sufficient if it alleges facts or elements necessary to constitute offense described in statute and intended to be punished).

[30] See *Golgert, supra* note 26.

Instead, the exception in § 60-6,108(1) creates an affirmative defense to the crime of DUI, and that important distinction impacts the burden of proof.

### § 60-6,108(1) and Burden of Proof

[11,12] In *State v. Edwards*,[31] we recognized that courts in some jurisdictions require criminal defendants to bear the burden of proving an affirmative defense. But in Nebraska, we have adopted the rule that in the absence of a statute placing the burden of proving an affirmative defense on the defendant in a criminal case,[32] the nature of an affirmative defense is such that the defendant has the initial burden of going forward with evidence of the defense, and once the defendant has produced sufficient evidence to raise the defense, the issue becomes one which the State must disprove.[33] The evidence necessary to raise an affirmative defense may be adduced either by the defendant's witnesses or in the State's case in chief without the necessity of the defendant's presenting evidence.[34] A defendant need only adduce a slight amount of evidence to satisfy this initial burden of raising an affirmative defense.[35]

As several of our prior cases addressing § 60-6,108(1) demonstrate, it is common for a defendant to raise the applicability of § 60-6,108(1) in pretrial motions and during trial.[36] When

---

[31] *State v. Edwards*, 286 Neb. 404, 837 N.W.2d 81 (2013).

[32] See, e.g., Neb. Rev. Stat. §§ 28-202 and 29-2203 (Reissue 2016).

[33] *Edwards, supra* note 31; *State v. Kinser*, 252 Neb. 600, 567 N.W.2d 287 (1997).

[34] See *Kinser, supra* note 33.

[35] *Id.*

[36] See, e.g., *State v. Pester*, 294 Neb. 995, 885 N.W.2d 713 (2016) (§ 60-6,108(1) raised in motion to quash, motion to suppress, and motion for directed verdict); *Matit, supra* note 5 (§ 60-6,108(1) raised in motion to suppress and at trial); *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011) (raising § 60-6,108(1) in motion to suppress, at trial, and at enhancement hearing); *State v. Prater*, 268 Neb. 655, 686 N.W.2d 896 (2004) (raising § 60-6,108(1) at trial).

cases have presented a question whether a vehicle was on private property not open to public access, it has generally been treated as a fact question for the fact finder to determine.[37] And our prior cases show that when § 60-6,108(1) was raised in a case involving a jury, the jury was instructed in a way that required the State to disprove the applicability of the defense.[38] As such, while our prior cases did not expressly characterize the exception in § 60-6,108(1) as an affirmative defense, we have consistently treated it as such.

With this framework in mind, we address Grutell's assignments of error on further review.

## No Plain Error

In his brief on further review, Grutell first argues that the Court of Appeals erred in rejecting his claim that the district court prevented him from raising § 60-6,108(1). This argument focuses on the trial court's remark, made outside the presence of the jury, that the State was not required to prove that the DUI offense occurred on a public highway. The trial court's remark was a correct statement of the law, and we agree with the Court of Appeals that this remark did not preclude Grutell from raising the defense that his vehicle was on private property not open to public access.

Next, Grutell argues the Court of Appeals erred when it found that his failure to invoke § 60-6,108(1) prevented a finding of plain error by the trial court in not addressing that statute. Grutell argues that the Court of Appeals' analysis improperly shifted the burden of proof on § 60-6,108(1) from the State to the defense. We disagree.

---

[37] See, *Hoppens v. Nebraska Dept. of Motor Vehicles*, 288 Neb. 857, 852 N.W.2d 331 (2014); *Matit, supra* note 5; *Prater, supra* note 36. But see *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011) (whether residential driveway was private property not open to public access was question of statutory interpretation and thus matter of law, since Legislature defined "[p]rivate road or driveway" in Neb. Rev. Stat. § 60-649 (Reissue 2010)).

[38] See, e.g., *Pester, supra* note 36; *Matit, supra* note 5.

As we have already explained, the exception in § 60-6,108(1) is not a material element of DUI. Rather, it is a separate statutory exception to the criminal offense of DUI, and as such, it is a matter to be raised initially as an affirmative defense. The Court of Appeals correctly observed that in this court's prior opinions addressing § 60-6,108(1), the issue of whether the defendant was on private property not open to public access was raised by the defense through pretrial motions and through the introduction of evidence at trial.[39] Because Grutell never raised the affirmative defense of § 60-6,108(1), the Court of Appeals correctly rejected his claim that the trial court plainly erred in not addressing it.

Finally, Grutell argues the Court of Appeals erred in failing to address, as a matter of law, whether § 60-6,108(1) applies to a ditch next to a gravel road. Again we disagree.

As stated earlier, the issue of whether a vehicle was being operated or controlled on private property not open to public access is ordinarily a fact question to be determined by the fact finder, and not an issue to be determined as a matter of law. For the sake of completeness, we note that in *State v. Thelen*,[40] we recently held as a matter of statutory interpretation that the ditch area within the county's right-of-way is part of the "public road" for purposes of Neb. Rev. Stat. § 39-301 (Reissue 2016). We express no opinion regarding the applicability, if any, of the holding in *Thelen* to questions under § 60-6,108(1). Instead, we emphasize that, on this record, it was not necessary for either the trial court or the Court of Appeals to address whether § 60-6,108(1) applies to a roadside ditch, because Grutell did not raise that affirmative defense in the trial court.

Instead, Grutell pursued an entirely different defense theory. Based on his testimony that he had not become intoxicated until after his vehicle got stuck in the ditch, he argued

---

[39] See, e.g., cases cited *supra* note 36.

[40] *State v. Thelen, ante* p. 334, 940 N.W.2d 259 (2020).

the State could not show he had actual physical control over a "movable" vehicle while intoxicated. The jury rejected this theory.

On this record, Grutell did nothing to invoke the provisions of § 60-6,108(1) and there was no evidence adduced at trial by either party to create a fact issue regarding the applicability of § 60-6,108(1). The Court of Appeals correctly rejected Grutell's claims of plain error.

## CONCLUSION

Finding no plain error in how either the trial court or the Court of Appeals addressed § 60-6,108(1), we affirm.

AFFIRMED.

FUNKE, J., participating on briefs.