Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/01/2022 09:08 AM CDT

State of Nebraska, appellee, v.
Kenneth M. Kipple,
appellant.

___ N.W.2d ___

Filed January 7, 2022.    No. S-20-810.

1. **Appeal and Error.** Consideration of plain error occurs at the discretion of an appellate court.

2. **Effectiveness of Counsel: Constitutional Law: Statutes: Records: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.

3. **Appeal and Error.** Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

4. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise the issue will be procedurally barred.

5. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.

6. **Effectiveness of Counsel: Records: Appeal and Error.** The fact that an ineffective assistance of trial counsel claim is raised on direct appeal, however, does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question.

7. \_\_\_\_: \_\_\_\_: \_\_\_\_. To make the determination as to whether the record is sufficient in an ineffective assistance of counsel case to decide the issue on direct appeal, an appellate court must have knowledge of the specific conduct alleged to constitute deficient performance.

8. **Effectiveness of Counsel: Postconviction: Records: Appeal and Error.** An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.

9. **Claims: Effectiveness of Counsel.** A claim of ineffective assistance of counsel insufficiently stated is no different than a claim not stated at all.

10. **Trial: Effectiveness of Counsel: Appeal and Error.** Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial.

11. **Effectiveness of Counsel: Records: Appeal and Error.** An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice.

12. **Trial: Prosecuting Attorneys: Appeal and Error.** When a defendant has not preserved a claim of prosecutorial misconduct for direct appeal, an appellate court will review the record only for plain error.

13. **Appeal and Error.** An appellate court applies the plain error exception to the contemporaneous-objection rule sparingly.

14. **Trial: Prosecuting Attorneys: Words and Phrases.** Prosecutorial misconduct encompasses conduct that violates legal or ethical standards for various contexts because the conduct will or may undermine a defendant's right to a fair trial.

15. **Trial: Prosecuting Attorneys.** In assessing allegations of prosecutorial misconduct, a court first determines whether the prosecutor's remarks were improper. It is then necessary to determine the extent to which the improper remarks had a prejudicial effect on the defendant's right to a fair trial.

16. **Juries.** Juries are generally able to ignore hyperbole and decide cases submitted to them based upon the evidence.

17. **Statutes: Legislature: Presumptions: Appeal and Error.** An appellate court presumes that the Legislature was aware of the meaning of a term when it chose to employ that term in statutory language.

18. **Criminal Law: Trial: Evidence: Proof.** In the absence of a statute placing the burden of proving an affirmative defense on the defendant in a criminal case, the nature of an affirmative defense is such that the defendant has the initial burden of going forward with evidence of the defense, and once the defendant has produced sufficient evidence to raise the defense, the issue becomes one which the State must disprove.

19. ____: ____: ____: ____. In a criminal case, the evidence necessary to raise an affirmative defense may be adduced either by the defendant's witnesses or in the State's case in chief without the necessity of the defendant's presenting evidence. A defendant need only adduce a slight amount of evidence to satisfy this initial burden of raising an affirmative defense.

20. **Effectiveness of Counsel.** Counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring a change in existing law does not constitute deficient performance.

21. **Constitutional Law: Criminal Law: Effectiveness of Counsel.** The Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not ensure that defense counsel will recognize and raise every conceivable constitutional claim.

Appeal from the District Court for Holt County: MARK D. KOZISEK, Judge. Affirmed in part, and in part vacated and remanded for further proceedings.

Gerald L. Soucie for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Kenneth M. Kipple was convicted of two counts of child enticement and one count of tampering with a witness. No direct appeal was filed. Kipple retained new counsel and filed a postconviction motion that alleged ineffective assistance of counsel in various particulars, including trial counsel's failure to file a direct appeal. The district court granted Kipple a new direct appeal. This is that appeal.

We affirm Kipple's convictions for child enticement and for witness tampering, and we also affirm Kipple's sentences for child enticement. We vacate Kipple's sentence for witness tampering and remand the cause for further proceedings.

BACKGROUND

Kipple's convictions were based on allegations that he invited two girls under the age of 14 into his home, specifically his bedroom, and took photographs of them wearing swimsuits provided by him. The girls testified that they did odd jobs around Kipple's home and were paid in cash and gifts and that eventually, the performance of these odd jobs also included posing for photographs. These accounts were corroborated by the testimony of a third girl that said the same thing had happened to her.

Kipple was originally charged with four counts of possession of a visual depiction of sexually explicit conduct,[1] one count of child abuse,[2] and one count of tampering with a witness.[3] Kipple's motion to suppress the photographs and videos that provided the basis for the charges against him was granted.

Thereafter, Kipple was charged with two counts of criminal child enticement[4] and one count of witness tampering. Following a jury trial, Kipple was convicted. He was sentenced to 12 to 12 months' imprisonment for each child enticement conviction and 12 to 60 months' imprisonment for the witness tampering conviction, with the sentences to be served consecutively.

No direct appeal was filed. Kipple then retained counsel that filed a motion for postconviction relief, alleging the ineffectiveness of counsel in failing to file an appeal, as well as

---

[1] Neb. Rev. Stat. § 28-813.01 (Supp. 2015).

[2] Neb. Rev. Stat. § 28-707 (Reissue 2016).

[3] Neb. Rev. Stat. § 28-919 (Reissue 2016).

[4] Neb. Rev. Stat. § 28-311(1)(b) (Reissue 2016).

additional allegations. The district court dismissed the other allegations without prejudice pending the pursuit of a direct appeal. As noted, this is that appeal.

## ASSIGNMENTS OF ERROR

Kipple assigns, restated and renumbered, that (1) the State engaged in prosecutorial misconduct in opening, closing, and rebuttal arguments; (2) the district court committed plain error when it failed to instruct the jury of the State's duty under § 28-311(2)(a) to prove the lack of "express or implied permission of a parent or guardian," and trial counsel was ineffective for failing to object to the jury instructions for not including that element; (3) his sentence for witness tampering was plain error because the district court's finding that the jury could have found tampering before August 30, 2015, was incorrect and thus he was sentenced under the incorrect version of the sentencing statute, and relatedly, his trial counsel was ineffective for failing to seek a jury finding as to the date of the alleged witness tampering; and (4) trial counsel was ineffective in failing to move to quash the amended information on the basis of the facial unconstitutionality of § 28-311 and failing to move to dismiss charges on the basis that § 28-311 was unconstitutionally applied to Kipple's conduct.

## STANDARD OF REVIEW

[1] Consideration of plain error occurs at the discretion of an appellate court.[5]

[2] Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.[6]

---

[5] *State v. Magallanes*, 284 Neb. 871, 824 N.W.2d 696 (2012).

[6] *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019).

## ANALYSIS

In this direct appeal, Kipple raises several distinct legal issues. Recognizing that his trial counsel failed to object to any of those issues at trial or, in the case of his first assignment of error, seek a mistrial, Kipple argues that the error was plain, that trial counsel was ineffective, or both.

[3] Before we turn to the legal issues presented by this appeal, some general propositions are helpful. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[7]

[4] When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.[8] Otherwise the issue will be procedurally barred.[9]

[5,6] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[10] the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.[11] The fact that an ineffective assistance of trial counsel claim is raised on direct appeal, however, does not necessarily mean that it can be resolved.[12] The determining factor is whether the record is sufficient to adequately review the question.[13]

---

[7] *State v. Mann*, 302 Neb. 804, 925 N.W.2d 324 (2019).

[8] *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017); *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

[9] *Id.*

[10] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[11] *State v. Casares, supra* note 8.

[12] See *State v. Mora, supra* note 8.

[13] *Id.*

[7-9] To make that determination, an appellate court must have knowledge of the specific conduct alleged to constitute deficient performance.[14] Thus, an ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court.[15] A claim insufficiently stated is no different than a claim not stated at all.[16]

[10,11] Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial.[17] An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice.[18]

## Prosecutorial Misconduct

Kipple first assigns misconduct in opening, closing, and rebuttal statements by the prosecutor. Acknowledging that his trial counsel did not object, Kipple argues that we should find plain error.

[12,13] When a defendant has not preserved a claim of prosecutorial misconduct for direct appeal, we will review the

---

[14] See *id.*

[15] *Id.*

[16] *Id.*

[17] *State v. Casares, supra* note 8.

[18] *Id.*

record only for plain error.[19] We apply the plain error exception to the contemporaneous-objection rule sparingly.[20] Therefore, in this case, we will review the record for plain error with regard to Kipple's allegations of prosecutorial misconduct.

[14,15] Prosecutorial misconduct encompasses conduct that violates legal or ethical standards for various contexts because the conduct will or may undermine a defendant's right to a fair trial.[21] In assessing allegations of prosecutorial misconduct, a court first determines whether the prosecutor's remarks were improper. It is then necessary to determine the extent to which the improper remarks had a prejudicial effect on the defendant's right to a fair trial.[22]

Kipple takes issue with various statements made by the State, which he argues amount to a personal attack on his character designed to inflame the jury. Having reviewed those statements, we disagree. While some of the statements were perhaps provocative, we cannot conclude that they were so improper as to rise to a level necessitating reversal.

[16] First, we have suggested that juries are generally able to ignore these types of hyperbole and decide cases submitted to them based upon the evidence.[23] In keeping with that, the jury was instructed that counsel's statements were not evidence. In addition, most of the statements challenged by Kipple were made during opening arguments, and thus, any prejudice was lessened by the production of evidence at trial. And finally, the evidence against Kipple was ample.

For these reasons, the statements, when considered as a whole with the evidence presented at Kipple's trial, would not amount to a miscarriage of justice. Having found no plain error, we determine Kipple's argument is without merit.

---

[19] *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015).

[20] *Id.*

[21] *Id*.

[22] See *id.*

[23] See *State v. Gonzalez*, 294 Neb. 627, 884 N.W.2d 102 (2016).

### Instruction on Absence of Permission

Kipple next assigns that the district court erred by failing to instruct the jury on the absence of permission as an element of § 28-311(2)(a). He also assigns that trial counsel was ineffective in not objecting to the district court's failure to instruct.

The statute in question, § 28-311, states in relevant part:

[(1)](b) No person, by any means and without privilege to do so, shall solicit, coax, entice, or lure or attempt to solicit, coax, entice, or lure any child under the age of fourteen years to enter into any place with the intent to seclude the child from his or her parent, guardian, or other legal custodian or the general public, whether or not the person knows the age of the child. For purposes of this subdivision, seclude means to take, remove, hide, secrete, conceal, isolate, or otherwise unlawfully separate.

(2) It is an affirmative defense to a charge under this section that:

(a) The person had the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity.

We turn to the arguments on appeal, namely whether § 28-311(2) is an element of the crime of child enticement or an affirmative defense. We have noted:

As a general rule, most jurisdictions hold that when a statutory exception appears in the statute defining the crime, the prosecution is required to plead and prove the defendant does not fall within the exception, but when the exception appears in a separate statute, it is considered a matter of defense. Cases in Nebraska have followed this general rule.[24]

[17] The issue in this case, of course, is that parental permission is located within the same statute as the underlying crime of child enticement, but is specifically labeled as an affirmative defense. We presume that the Legislature was

---

[24] *State v. Grutell*, 305 Neb. 843, 854, 943 N.W.2d 258, 266 (2020).

aware of the meaning of that term when it chose to employ it in § 28-311(2).[25] As such, we conclude that parental permission is an affirmative defense despite its presence in the same statute as that setting forth the crime of child enticement.

[18,19] Having concluded as such, we turn to the procedure underlying the consideration of affirmative defenses.

> [We have] recognized that courts in some jurisdictions require criminal defendants to bear the burden of proving an affirmative defense. But in Nebraska, we have adopted the rule that in the absence of a statute placing the burden of proving an affirmative defense on the defendant in a criminal case, the nature of an affirmative defense is such that the defendant has the initial burden of going forward with evidence of the defense, and once the defendant has produced sufficient evidence to raise the defense, the issue becomes one which the State must disprove. The evidence necessary to raise an affirmative defense may be adduced either by the defendant's witnesses or in the State's case in chief without the necessity of the defendant's presenting evidence. A defendant need only adduce a slight amount of evidence to satisfy this initial burden of raising an affirmative defense.[26]

We begin by considering whether Kipple has met his initial burden of going forward with evidence of the parental permission affirmative defense. Kipple, of course, did not request an instruction on this affirmative defense. But we have held in similar contexts that "[w]hether requested to do so or not, a trial court has the duty to instruct the jury on issues presented by the pleadings and the evidence."[27] For example, in *State v. Yeutter*,[28] we considered whether the defendant was entitled

---

[25] Cf. *State v. Goynes*, 293 Neb. 288, 876 N.W.2d 912 (2016).

[26] *Grutell, supra* note 24, 305 Neb. at 856, 943 N.W.2d at 267-68. See, also, *State v. Edwards*, 286 Neb. 404, 837 N.W.2d 81 (2013).

[27] *State v. Yeutter*, 252 Neb. 857, 862, 566 N.W.2d 387, 391 (1997).

[28] *Yeutter, supra* note 27.

to a self-defense instruction in the absence of having sought one at trial.

The language of the affirmative defense in § 28-311(2)(a) holds that "[i]t is an affirmative defense to a charge under this section that . . . [t]he person had the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity."

In order to analyze whether Kipple met his initial burden, we must interpret the phrase "undertaking the activity." We note that the statute refers to the same concept in creating other affirmative defenses to criminal child enticement.[29] We also note that § 28-311 provides two different ways that one can commit the offense of criminal child enticement, one focusing on enticing the child to enter a vehicle and one enticing a child to enter into "any place." We find it most natural to interpret "the activity" for purposes of these affirmative defenses to refer to the act or acts that formed the liability under § 28-311(1). The phrase is not defined elsewhere, and that is the only "activity" discussed in the statute.

In this case, the affirmative defense of § 28-311(2)(a) would apply if Kipple had the express or implied permission of the parents or guardians to do what the State contended he did to violate § 28-311(2)(a). Kipple argues there was evidence of necessary permission. He relies heavily on evidence that the children were given permission to enter Kipple's home to help with housekeeping chores. But the fact that permission was given for the children to be present in Kipple's home does not establish what is necessary for the affirmative defense to apply.

Here, the State's theory at trial was that Kipple committed the offense by convincing the children, through the payment of money and cigarettes and with threats that he would have their families evicted from the trailer court where they lived if they did not comply, to enter his bedroom and be

---

[29] See § 28-311(2)(b) and (c).

photographed wearing swimsuits and other revealing clothes with the intent to seclude them there. The relevant question is whether Kipple had the express or implied permission to "undertak[e] [that] activity."

On that question, we find no suggestion in the evidence that the parents or guardians gave the requisite permission. Here, we find relevant the statutory definition of "seclude" which is "to take, remove, hide, secrete, conceal, isolate, or otherwise unlawfully separate."[30] These terms suggest that in order for the defendant to take some action with "the intent to seclude," he or she must intend to create a situation where the child is purposely hidden from the sight of others.[31] There is no indication here that the parents or guardians approved of Kipple's attempting to get the children to enter his bedroom with such intent. As such, Kipple failed to meet his initial burden.

Nor is there merit to Kipple's argument regarding the ineffective assistance of counsel. Kipple did not meet his burden to show that he was entitled to an instruction on the affirmative defense of parental permission, and therefore, he cannot show that counsel was ineffective for failing to request the instruction. There is no merit to this assignment of error.

## Witness Tampering

Kipple also assigns that there was plain error in the district court's conclusion that witness tampering could have taken place between September 24, 2014, and September 28, 2015, and that counsel was ineffective for failing to seek a finding by the jury as to the date of the alleged tampering.

Some factual background is helpful. Kipple was accused of tampering only with respect to K.G. The jury was instructed that the State had to prove that Kipple, at a time when he believed an official proceeding or investigation was pending or was about to be instituted, attempted to induce K.G. to withhold her testimony.

---

[30] § 28-311(1)(b).

[31] See *id.*

The jury was instructed that any tampering had to occur between September 24, 2014, and September 28, 2015, which was the same date and time period alleged as to the child enticement charges. The jury found Kipple guilty, but was not asked to—and therefore did not—identify the date on which it found witness tampering to have occurred.

Meanwhile 2015 Neb. Laws, L.B. 605, § 6, which changed the maximum sentence for a Class IV felony from 5 years' imprisonment to 2 years' imprisonment, became effective on August 30, 2015. Trial counsel objected to sentencing Kipple to 5 years' imprisonment under the pre-L.B. 605 statutory limits, but the district court concluded that there was evidence that Kipple had engaged in tampering prior to August 30.

The State agrees that the sentence was error. It notes that there was evidence that between September 24 and 28, 2015, Kipple had contact with K.G. and that K.G. testified Kipple threatened her. Kipple had been arrested on September 24, and therefore, he was aware that he was facing an official proceeding for purposes of the elements of witness tampering. While there was also testimony that Kipple had threatened K.G. between September 24, 2014, and September 23, 2015, the State argues that there is no evidence that Kipple was aware of the possibility of the institution of official proceedings against him. As such, the State asserts that Kipple's sentence for witness tampering should be vacated and the cause be remanded for resentencing under the post-L.B. 605 law.

Kipple, though, contends that we cannot know if the jury relied on the pre-August 30, 2015, threats that K.G. testified about or the post-August 30 threats, which she also testified about, and therefore, the cause should be remanded for retrial with respect to K.G.'s allegations about threats made between September 24 and 28, 2015. We agree with the State.

There is no dispute that the jury was properly instructed as to the elements of witness tampering and that those instructions included a requirement that the jury find Kipple had to have known of the possibility of the institution of official

charges in order to be convicted. As the State argues, there was only evidence as to this after Kipple was arrested on September 24, 2015, and therefore after August 30.

The court erred insofar as it speculated that the jury could have found tampering prior to August 30, 2015, because there was insufficient evidence to support such a factual finding. Contrary to Kipple's contention, the evidence offered at trial supported a conviction for tampering only after August 30. As such, the retrial sought by Kipple is unnecessary; the remand for resentencing as sought by the State is sufficient.

Kipple also contends that his counsel was ineffective for failing to seek a specific jury finding as to the date of witness tampering. But even if this was deficient conduct, it was not prejudicial, as is demonstrated above: The evidence was sufficient only to find witness tampering occurred after August 30, 2015.

There is no merit to Kipple's assignments of error.

### Constitutionality of § 28-311

Finally, Kipple assigns that trial counsel was ineffective for failing to file a motion to quash the information for the reason that § 28-311 was facially unconstitutional and was ineffective for failing to file a motion to dismiss on the grounds that § 28-311(1)(b) was unconstitutional as applied to Kipple.

[20,21] We find no merit to Kipple's argument that his counsel was ineffective. We have held that counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring a change in existing law does not constitute deficient performance.[32] While we recognize that Ohio has found a similar statute unconstitutional,[33] the statute in that case is distinct from Nebraska's statute in several ways, and as an Ohio case, not controlling precedent

---

[32] *State v. Sanders*, 289 Neb. 335, 855 N.W.2d 350 (2014).

[33] *State v. Romage*, 2014 Ohio 783, 138 Ohio St. 3d 390, 7 N.E.3d 1156 (2014).

in Nebraska. Moreover, as the U.S. Supreme Court has previously observed, "the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not [e]nsure that defense counsel will recognize and raise every conceivable constitutional claim."[34]

Trial counsel's failure to raise a facial or as-applied challenge to § 28-311(2) was not deficient conduct, and therefore, counsel was not ineffective. There is no merit to this assignment of error.

## CONCLUSION

We affirm Kipple's convictions for child enticement and for witness tampering. We also affirm Kipple's sentences for child enticement. We vacate Kipple's sentence for witness tampering and remand the cause for further proceedings.

AFFIRMED IN PART, AND IN PART VACATED AND
REMANDED FOR FURTHER PROCEEDINGS.

---

[34] *Engle v. Isaac*, 456 U.S. 107, 134, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).