IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ABBOUD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
MICHAEL A. ABBOUD, APPELLANT.

Filed October 8, 2024.    No. A-23-980.

Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Affirmed.

Theodore C. Turnblacer, Jr., of Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Austin N. Relph for appellee.

PIRTLE, ARTERBURN, and WELCH, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Michael A. Abboud appeals from his convictions for two counts of first degree sexual assault of a child in the district court for Douglas County. He claims he was convicted of multiplicitous charges, that the trial court erred in overruling his objection to a question asked of a witness, and that his trial counsel provided ineffective assistance. Based on the reasons that follow, we affirm.

## II. BACKGROUND

In September 2021, A.F., then 15 years old, disclosed that Abboud had sexually assaulted her several years prior, while he was in a relationship with A.F.'s mother. A.F. told a friend about the abuse, and then a school counselor. Following an investigation, Abboud was arrested and an amended information was filed charging Abboud with two counts of first degree sexual assault of a child. Specifically, count I alleged that on or about January 27, 2012, through January 27, 2014, Abboud subjected A.F., who was under 12 years of age, to sexual penetration and Abboud was at

- 1 -

least 19 years of age, in violation of Neb. Rev. Stat. § 28-319.01(1)(a) and (2) (Reissue 2016), a Class IB felony. Count II alleged that on or about January 27, 2013, through January 27, 2015, Abboud subjected A.F., who was under 12 years of age, to sexual penetration and Abboud was at least 19 years of age, in violation of § 28-319.01(1)(a) and (2), a Class IB felony.

After initially deciding to proceed with a jury trial, Abboud changed his mind during voir dire and elected to proceed with a bench trial. At the bench trial, the State presented testimony from various witnesses, including A.F.; A.F.'s mother, Abigail M.; and A.F.'s brother, Ayren M., who is several years older than A.F. The State also presented testimony from Lily C., A.F.'s friend whom she talked to about the abuse; Mallory Parra, the school counselor to whom A.F. disclosed the sexual abuse; Jasmine Williams, a children's division service worker from Clay County, Missouri; Rachel Feild, who conducted the forensic interview of A.F.; and Omaha Police Officers Wes Peterson and Tracy Beaumont, who were both involved in the case. These witnesses provided evidence regarding the circumstances surrounding A.F.'s disclosures and the investigation. Abboud did not present any evidence.

Abigail testified that she met Abboud in 2009, when A.F. was almost 4 years old. By the fall of 2010, Abboud had moved in with Abigail, A.F., and Ayren. Abboud would help take care of A.F. and Ayren when Abigail was working. Abigail continued to rely on Abboud for childcare when she started working a different job that required working evenings and sometimes late nights.

Sometime in 2012, when A.F. was about 6 years old, A.F., Abigail, and Ayren moved into an apartment at Evergreen Terrace apartment complex in Omaha, Nebraska. Abboud moved into his own apartment in the same complex.

Although Abboud did not live with A.F. and her family, Abboud spent a substantial amount of time at their apartment. A.F.'s mother testified that Abboud would stay overnight, had a key to the apartment, and would "come and go" as he wished. Additionally, Abboud would often take care of A.F. and Ayren when Abigail was working in the evening. Abigail testified that Abboud took care of A.F. and Ayren on a regular basis, at least a couple times a week. Abigail also testified that Abboud would regularly volunteer to watch A.F. and Ayren for her on other occasions, as well as take them to school and pick them up.

A.F. testified that during the time they lived at the Evergreen Terrace apartment complex, Abboud performed oral sex on her and had her perform oral sex on him. This occurred in her mother's bedroom. A.F. was 6 to 7 years old at the time. A.F. testified that at some point during the incident, Ayren, who was 10 or 11 years old at the time, started to open their mother's bedroom door, but Abboud slammed it shut.

Ayren corroborated A.F.'s testimony, explaining that he remembered one afternoon when his mother was not home and he did not know where A.F. and Abboud were, so he went looking for them. His mother's bedroom door was closed. He knocked on the door and then tried to open it, but he only got it open about 6 to 12 inches because Abboud was blocking the door with his body. Ayren testified that Abboud did not appear to have any clothes on, and A.F. was on the bed. A.F.'s brother described Abboud's demeanor while closing the door as "[k]ind of nervous and rushed at the same time, like he didn't want to be seen, like he didn't want me to see it." He further testified that the way Abboud shut the door made it seem like he was trying to prevent him from seeing whatever was going on in the bedroom.

A.F., Abigail, and Ayren moved out of the Evergreen Terrace apartment complex in November 2013 and moved into the Steeplechase apartment complex in northwest Omaha. Abboud continued living at the Evergreen Terrace apartment complex. By that time, Abboud and Abigail's relationship was winding down. Consequently, Abboud did not spend as much time with the family as he did when they lived at Evergreen Terrace. However, he still took care of A.F. and Ayren occasionally.

A.F. testified that while living at the Steeplechase apartment complex, Abboud subjected her to intercourse. She stated that they were in her bedroom and he told her to get on her bed. She testified that she was lying on her side, with no clothes on, and Abboud was laying behind her facing her back. She testified that his penis touched the outside and inside of her vagina. A.F. was 7 to 8 years old at the time.

In 2017, A.F., Abigail, and Ayren moved to Kansas City, Missouri. Several years later, in September 2021, A.F. disclosed the sexual abuse and an investigation began, leading to Abboud's arrest.

Following trial, the district court found Abboud guilty of both counts of first degree sexual assault of a child. The court subsequently sentenced him to 25 to 30 years' imprisonment on each count, with each sentence having a 15-year mandatory minimum. The sentences were ordered to run concurrently.

### III. ASSIGNMENTS OF ERROR

Abboud assigns the trial court committed plain error when it convicted him of multiplicitous charges, and erred when it overruled his objection to a question posed to A.F.'s friend, Lily, about how many times A.F. talked to her about the abuse.

Restated and renumbered, Abboud also assigns that his trial counsel provided ineffective assistance by: (1) failing to file a motion to quash count II of the amended information for multiplicity; (2) failing to demand a bill of particulars to guard against the danger of double jeopardy associated with the multiplicitous amended information; (3) failing to object on hearsay grounds to Feild's testimony about the nature of A.F.'s disclosure and where she was assaulted; (4) failing to object on hearsay grounds to testimony of Peterson regarding statements A.F. made to Feild about where she was assaulted; (5) failing to object on hearsay grounds to Parra's testimony that A.F. made a concerning disclosure to her, as well as her testimony regarding A.F.'s statements that she had been abused as a child, that the abuse was sexual, the location where the abuse occurred, the identification of the abuser, and that the abuse happened in Omaha, Nebraska; (6) failing to object on hearsay grounds to Beaumont's testimony describing the content of the report she received from the social service agency in Missouri, specifically that the report she received included a victim's name, listed A.F. as a victim of sexual assault, identified a perpetrator, named Abboud as the perpetrator of child sexual assault, and stated that the sexual abuse occurred in Omaha, Nebraska; (7) failing to object on hearsay grounds to Williams' testimony regarding A.F.'s statements that she experienced sexual abuse, provided details of the sexual abuse, and identified Abboud as the perpetrator; (8) failing to object on hearsay grounds to Williams' testimony about statements A.F. made during her forensic interview; (9) failing to object to Williams' testimony about A.F.'s credibility; (10) failing to object on hearsay grounds to Ayren's testimony about A.F.'s statements concerning the identity of her perpetrator; (11) failing to object

on hearsay grounds to Peterson's testimony regarding an information report identifying Abboud as a child sexual assault suspect, his date of birth, and where the abuse took place; (12) failing to object on hearsay grounds to Peterson's testimony from A.F.'s forensic interview; (13) failing to object on hearsay grounds to Peterson's testimony regarding statements made by Ayren, Lily, another friend of A.F.'s, and an unknown declarant; (14) failing to object on hearsay grounds to Lily's testimony regarding statements made by A.F.; (15) failing to communicate a plea offer to Abboud; (16) failing to inform Abboud of the nature and elements of the charges against him; (17) failing to review discovery material with Abboud; (18) failing to explain trial rights to Abboud; (19) failing to conduct an investigation into Abboud's case; and (20) failing to subject the State's case to meaningful adversarial testing.

## IV. STANDARD OF REVIEW

Consideration of plain error occurs at the discretion of an appellate court. *State v. Kipple*, 310 Neb. 654, 968 N.W.2d 613 (2022). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). In reviewing a claim of ineffective assistance of trial counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. MULTIPLICITOUS CHARGES

Abboud first assigns the trial court committed plain error when it convicted him of multiplicitous charges. He contends that the amended information was insufficient to ensure that he was not convicted and punished twice for the same offense, thereby violating the Double Jeopardy Clauses of the U.S. and the Nebraska Constitutions.

The amended information alleged count I occurred on or about January 27, 2012, through January 27, 2014, and count II occurred on or about January 27, 2013, through January 27, 2015. Thus, there was a 1-year overlap in the dates charged.

Abboud concedes that the State is allowed to charge separate offenses for separate incidents of alleged sexual assault, and that in some cases, the date ranges may be similar. He argues, however, that the State cannot charge multiple identical offenses that do not specify the alleged facts that set one offense apart from another, as it did here, without violating double jeopardy. This argument fails for two reasons. First, Abboud did not raise a double jeopardy or multiplicitous objection before the trial court. A constitutional issue not presented to or passed upon by the trial court is not appropriate for consideration on appeal. *State v. Reinhart*, 283 Neb. 710, 811 N.W.2d

258 (2012). Because Abboud failed to raise this issue in the trial court, he has waived his double jeopardy claim. He cannot now raise it before us by assigning it as "plain error."

Second, the present case does not involve any of the three distinct abuses protected against by the Double Jeopardy Clause, which include: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. See *State v. Kelley*, 305 Neb. 409, 940 N.W.2d 568 (2020). The evidence at trial clearly established two distinct instances of Abboud sexually penetrating A.F. The two instances even occurred at different residences. Accordingly, the State permissibly filed both charges in the same information as each charge was for a separate offense.

### 2. OBJECTION TO LILY'S TESTIMONY

Abboud assigns that the trial court erred in overruling his objection to a question posed to Lily about how many times A.F. talked to her about the abuse. Specifically, the question was "Do you know how many times total you had a conversation about that topic?" Abboud's counsel objected based on relevance and "improper rehabilitation of a recently fabricated story which has not been raised yet." On appeal, Abboud argues the State was eliciting inadmissible prior inconsistent statements without laying the proper foundation. An objection must be specifically stated, and on appeal, a defendant may not assert a different ground for his or her objection to the admission of evidence than was offered to the trier of fact. *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021). Because Abboud now asserts a different ground for his objection than he did at trial, we conclude he failed to preserve that issue for appeal and decline to address this assignment of error.

### 3. INEFFECTIVE ASSISTANCE OF COUNSEL

Abboud assigns that his trial counsel was ineffective in numerous ways. We first set forth the legal framework for our analysis and then address his claims.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient, and that this deficient performance actually prejudiced the defendant's defense. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). To show that counsel's performance was deficient, the defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*

When a defendant's trial counsel is different from his or her counsel on direct appeal, as is the case here, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. See *State v. Turner*, 315 Neb. 661, 998 N.W.2d 783 (2024).

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate

court. *State v. Miller, supra*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's action could not be justified as a part of any plausible trial strategy. *Id.*

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). A vague or conclusory allegation of deficient performance is insufficient to raise or preserve a claim of ineffective assistance of counsel. See *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014).

### (a) Claims 1 and 2

Abboud's first two ineffective assistance of counsel claims relate to his first assignment of error that he was convicted of multiplicitous charges, violating the Double Jeopardy Clause. Abboud argues his trial counsel was ineffective for failing to file a motion to quash or to demand a bill of particulars as to the alleged multiplicitous amended information. As already determined, the two counts in the amended information did not violate double jeopardy. Accordingly, trial counsel did not perform deficiently in failing to challenge the amended information on that ground.

### (b) Claims 3 Through 14

In these assignments of error, Abboud claims that his trial counsel was ineffective for failing to object, primarily on hearsay grounds, to certain portions of various witnesses' testimony.

In a case tried to a court without a jury, there is a presumption that the trial court, in reaching its decision, considered only evidence that is competent and relevant. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). In the absence of evidence to the contrary, the presumption is that a judge will disregard evidence that should not have been admitted. *Id.* In this case, Abboud was convicted in a bench trial. Thus, even if we assume that the challenged testimony was objectionable and trial counsel performed deficiently by failing to object, which we do not decide here, Abboud cannot show he was prejudiced in the failure to object because it is presumed that the district court disregarded any inadmissible evidence. Accordingly, these claims fail.

### (c) Claim 15

Abboud assigns his trial counsel was ineffective for failing to communicate a plea offer to him. He claims he learned of the plea offer after the district court found him guilty. There is nothing in the record before us about a plea offer and no way for us to determine whether a plea offer even existed, let alone whether it was communicated to Abboud. The record is not sufficient to address this claim on direct appeal.

### (d) Claim 16

Abboud assigns his trial counsel was ineffective for failing to inform him of the nature and elements of the charges against him. He argues that had trial counsel explained the charges to him, he would have been able to help develop a viable defense.

We conclude the record is not sufficient to address this claim. We do not know what conversations occurred between Abboud and his trial counsel, and what was and was not explained regarding the charges against him.

### (e) Claim 17

Abboud assigns his trial counsel was ineffective for failing to review discovery material with him. An appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). A vague or conclusory allegation of deficient performance is insufficient to raise or preserve a claim of ineffective assistance of counsel. See *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). Abboud does not specifically identify what discovery counsel failed to discuss with him. Abboud's claim of ineffective assistance of counsel regarding discovery is not raised with sufficient specificity for us to resolve the allegations or to preserve it for postconviction relief.

### (f) Claim 18

Abboud next assigns that his trial counsel was ineffective for failing to explain his trial rights to him. This claim of ineffective assistance of counsel is also too vague. Abboud does not state what he means by "trial rights" nor does he specifically allege what trial counsel failed to explain. Accordingly, this claim is not raised with sufficient specificity for us to resolve the allegations or to preserve it for postconviction relief.

### (g) Claim 19

In this assignment of error, Abboud claims his trial counsel was ineffective for failing to investigate his case. Abboud's claim does not specifically identify which aspects of the case trial counsel failed to investigate his case. See *State v. Wood*, 310 Neb. 391, 436, 966 N.W.2d 825, 858 (2021) (error assigning trial counsel was ineffective in "'Failing to Investigate the Case Fully'" lacked requisite specificity as to what component of investigation counsel was allegedly deficient in failing to conduct). This claim is not raised with sufficient specificity for us to resolve or to preserve it for postconviction relief.

### (h) Claim 20

Abboud assigns his trial counsel was ineffective for failing to subject the State's case to meaningful adversarial testing. He contends this claim incorporates all the previously discussed ineffective assistance of counsel claims, and that the cumulative effect should result in a conclusion that he was denied effective assistance of counsel.

The record does not support the claim that Abboud's trial counsel failed to subject the State's case to meaningful adversarial testing. On the contrary, his trial counsel advocated on his behalf by, among other things, making objections, cross-examining State witnesses, and presenting closing arguments. This claim of ineffective assistance of counsel fails.

## (i) Additional Claim

Although not assigned as error, Abboud argues his trial counsel was ineffective for failing to cross-examine Feild, the forensic interviewer. The issue is not properly before this court. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023).

## VI. CONCLUSION

We conclude that Abboud's first two assignments of error fail. Regarding Abboud's ineffective assistance of counsel claims, we conclude that the claims either fail, that the record was not sufficient to address them, or they were not raised with sufficient specificity for us to resolve. Accordingly, we affirm.

AFFIRMED.